**In re the MARRIAGE OF James Cecil CHILTON and Kathy Lorine Chilton.**

**Kathy L. Chilton, Appellant,**

**and**

**James C. Chilton, Respondent.**

**No. 10486.**

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 18, 1979.

Donald E. Lamb, Centerville, for appellant.

David G. Neal, Eminence, for respondent.

BILLINGS, Judge.

This appeal arises from the decree entered in a dissolution of marriage proceeding. Appellant-wife seeks reversal of the award of custody of the minor son to respondent-husband, and contends the court erred in the division of the parties' property and denying her attorney fees and costs to prosecute this appeal.

We first consider the custody award. The parties were married September 1, 1971, when James was 31 and Kathy was 17. Their only child was born in 1972 and at time of trial was nearly four years of age. The decree awarded James primary custody, with Kathy having custody every other weekend.

Kathy contends that because she is the mother of the child and because of his age, she is the preferred custodian under the law. We are cited to cases which recognize there is a presumption that the mother of a child of tender years is the preferred custodian, all things being equal. James, on the other hand, asserts that the record does not support a showing of abuse of discretion by the trial judge and that his determination of custody should not be lightly overturned.

 We have read the transcript and are convinced the experienced trial judge who presided considered the guidelines for the award of custody contained in § 452.375, RSMo 1969, as well as the presumption mentioned above. Consequently, we will defer to the trial court's determination of this difficult and soul-searching matter unless we are firmly convinced that the welfare of the child requires some other disposition. *C__ v. B__,* 358 S.W.2d 454 (Mo. App.1962). Here, we conclude the trial judge "was in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record." *E__ (S__) v. E__,* 507 S.W.2d 681 (Mo.App.1974). (Emphasis theirs).

In a similar situation, the St. Louis District of this court said in *Johnson v. Johnson,* 526 S.W.2d 33 (Mo.App.1975):

"We agree that such a presumption [in favor of the mother] exists, but we do not find it to be conclusive. Each case must be decided on its own facts. In *Brand v. Brand,* 441 S.W.2d 750 (Mo.App.1969), there was no evidence that either parent was unfit. The court awarded custody of the children to the father despite the presumption in favor of the mother's care. The court held that where the evidence did not preponderate in favor of either party the trial court is vested with broad discretion in awarding custody under such circumstances."

On the record presented in this case we cannot say that the trial court's award of custody to the father, rather than the mother, constitutes an abuse of discretion.

 The lower court found and determined that the real and personal property owned by the parties was marital property and divided it. We have reviewed the transcript and conclude there is substantial evidence to support the division of property and no error of law appears. This point is affirmed pursuant to Rule 84.16(b).

 Finally, Kathy has asked that this Court award her attorney fees and expenses for the prosecution of this appeal. Only the Circuit Court may make such an award; we are without jurisdiction to do so, and the request must therefore be denied. *Webb v. Webb,* 475 S.W.2d 134 (Mo.App.1971).

The judgment is affirmed.

FLANIGAN, C. J., and HOGAN, J., concur.