**In re the MARRIAGE OF Jeanne Lyndell BARR, Petitioner-Appellant,**

and

**Gerald David Barr, Respondent-Respondent.**

**No. 30045.**

Missouri Court of Appeals, Western District.

April 2, 1979.

P. Wayne Kuhlman, Liberty, for petitioner-appellant.

Robert F. Sevier, Roger Guy Burnett, Liberty, for respondent-respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal by appellant-mother from decree of dissolution granting dissolution, division of marital property and the award of custody of two minor sons to respondent-father.

The parties were married in Bedford, Iowa on July 24, 1966. The parties separated in July, 1977. The trial court had jurisdiction over the parties and the subject matter. This action commenced May 20, 1977 by the filing of the petition by the appellant. Two children, both boys, were born of the marriage, Terry David Barr, born July 14, 1967 and Jason Samuel Barr, born October 27, 1968.

At the time of the hearing on appellant's motion for new trial and to reopen the cause for additional evidence, the court overruled the motion; but further, under its order of January 25, 1978, it awarded to appellant three additional items of property.

Appellant timely filed her notice of appeal and raised four points which will be considered in the order of their presentment.

## I

"THE TRIAL COURT ERRED IN FAILING TO GRANT CUSTODY OF THE CHILDREN OF THE MARRIAGE TO APPELLANT IN THAT (A) THERE WAS NO SUBSTANTIAL EVIDENCE TO SUPPORT THE PROPOSITION THAT IT WAS IN THE BEST INTEREST OF THE CHILDREN FOR RESPONDENT TO OBTAIN CUSTODY AND (B) SUCH GRANTING OF CUSTODY WAS AGAINST THE WEIGHT OF THE EVIDENCE."

Point I is ruled against appellant. While the reviewing court has the obligation to

review court tried cases as to both the facts and law, Rule 73.01 3(a), the judgment of the trial court should not be overturned ". . . unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law . . ." *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976).

Respondent herein attacked the fitness of appellant, but that evidence unto itself was not sufficient to establish unfitness of appellant. Conversely, appellant testified that respondent was a good father and appellant had no complaints as to respondent's conduct toward the minor children.

Thus, we have, in essence, a balance between the parties on the question of fitness as parents, and the court is left to determine custody from other evidence.

Appellant would have the court presume she is the more fit parent because of her role as the maternal parent. It is true there are cases in which, because of the tender years of the children, custody has been awarded the mother when fitness of the parents is not the question. *In re Marriage of B.A.S.*, 541 S.W.2d 762 (Mo.App. 1976).

■ This presumption, however, is not a strict rule to be applied, but rather, the matter of custody is one for the discretion of the trial court based upon the evidence. See *In re Marriage of H.B.*, 559 S.W.2d 73 (Mo.App.1977) wherein the court correctly stated the rule by declaring:

"In discussing the sufficiency and weight of the evidence, the wife commences and attempts to anchor her argument throughout on the 'tender year' presumption, under which a mother is deemed to be the one best able to care for a child of tender years . . . However, the wife in her brief correctly and commendably concedes that this presumption is only rebuttable . . . Consequently the issue of who should be granted custody must be decided, not as a matter of law upon a presumption, but as a factual matter upon all of the evidence."

That the application of the presumption is not automatic, see *Shannon v. Shannon*, 550 S.W.2d 601 (Mo.App.1977).

■ The evidence herein established respondent took care of the many of the day-to-day needs, including the special educational program for the oldest boy. The appellant testified that while she had decided upon the location for a new residence, she did not know of the details concerning the attendance at school by the boys, including the name of the school district. There was also evidence the boys had neighborhood friends and the boys were familiar with the area of their residence. The evidence contra to this was appellant's plan to relocate out of the Kearney, Missouri area to the Kansas City area.

Under *Murphy v. Carron, supra*, point I is ruled against appellant.

II

"THE TRIAL COURT ERRED IN ITS FAILURE TO GRANT MAINTENANCE TO APPELLANT AS THERE WAS NO SUBSTANTIAL EVIDENCE TO SUPPORT A FINDING THAT APPELLANT HAD SUFFICIENT PROPERTY TO PROVIDE FOR HER REASONABLE NEEDS NOR TO FIND THAT APPELLANT WAS ABLE TO SUPPORT HERSELF THROUGHT [sic] APPROPRIATE EMPLOYMENT; AND, THEREFORE, SUCH FAILURE IS EITHER A LACK OF RECOGNITION OF OR AN ERRONEOUS APPLICATION OF SECTION 452.335, R.S.Mo."

■ Appellant herein suffered from no physical or mental disability. She was gainfully employed. In addition, the court awarded appellant an amount slightly more than fifty percent of the net value of the marital property. Respondent was directed

to pay specific indebtedness of the parties. Pursuant to the rule in *Murphy v. Carron, supra*, there is no justification for superceding the judgment of the trial court. Point II is ruled against appellant.

## III

"THE TRIAL COURT ERRED IN DIVIDING THE MARITAL PROPERTY IN SUCH A WAY THAT THE APPELLANT RECEIVED ONLY $14,174 FOR THE REASON THAT THERE WAS NO SUBSTANTIAL EVIDENCE TO SUPPORT SUCH A DIVISION; RATHER, THE COURT ABUSED ITS DISCRETION AND ERRONEOUSLY APPLIED THE LAW IN ACCEPTING THE OBVIOUSLY UNDERVALUED MARKET VALUES OF THE PROPERTY AS PROVIDED BY RESPONDENT ALONE; RESPONDENT'S 'EXPERT' TESTIMONY ERRONEOUSLY BEING ALLOWED IN BY THE COURT WITHOUT SUFFICIENT FOUNDATION."

■ Appellant challenges the ruling of the trial court as to the sufficiency of the evidence as that evidence related to expert testimony regarding the value of commercial properties of the parties. The trial court did not abuse its discretion in admitting evidence from one of respondent's witnesses. The evidence established that while the witness was not an expert on real estate values, he was familiar with the cost, operation and market of car washes in the area of property in question. The trial court properly could weigh such evidence and nothing further in evidence on the record renders this evidence suspect so as to come within the rule of *Murphy v. Carron, supra*.

Appellant's final point reads as follows:

## IV

"THE TRIAL COURT COMMITTED AN ACT OF JUDICIAL MISCONDUCT IN VIOLATION OF CANONS 1 AND 2 OF THE CODE OF JUDICIAL CONDUCT FOR THE STATE OF MISSOURI BY TALKING PRIVATELY IN HIS CHAMBERS TO ONE OF RESPONDENT'S WITNESSES OUTSIDE OF THE PRESENCE OF COUNSEL AND OFF THE RECORD DURING THE COURSE OF THE TRIAL, AND FURTHER ERRED IN FAILING TO GRANT RESPONDENT A NEW TRIAL AS A RESULT OF THIS MISCONDUCT. THE LAW IMPOSES VERY HIGH STANDARDS FOR CONDUCT OF THE JUDICIARY. CANON 1 OF THE CODE OF JUDICIAL CONDUCT PROVIDES IN PART THAT A JUDGE SHOULD OBSERVE HIGH STANDARDS OF CONDUCT SO THAT THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY MAY BE PRESERVED."

■ Appellant makes a very serious accusation against the trial judge. Such accusation is found to be without merit. The record herein includes a lengthy colloquy between the trial judge and appellant's counsel concerning this issue. The record shows that during a recess of the trial of this case, a witness for respondent, who had already been excused by the parties, entered the judge's chambers. Appellant alleged this to be an impropriety on the part of the trial judge. The record establishes the husband of the witness was an old friend of the judge and he had sustained a severe heart attack. The court disclosed the conversation to counsel for the parties.

Point IV raised by appellant is groundless unto itself and further fails to establish wherein appellant's interests were prejudiced in any manner.

■ Such an accusation against a court or for that matter, such an accusation against any member of the Bar is extremely serious as it relates to the integrity of our legal system. Groundless and flagrant accusations by disgruntled litigants should be carefully investigated by counsel for the

alleged aggrieved party to determine their validity before being asserted. In the record of this case, the parties stipulated as to the trial judge's answers to questions propounded by appellant's counsel.

In summary, the court answered appellant's counsel's questions fully and directly. The answers established that the court had an interest in the health of an old friend, and there is nothing to even suggest this case in any matter was discussed by the court with the witness.

Point IV is ruled against appellant.

Judgment is hereby affirmed in all respects.

All concur.