In re the MARRIAGE OF Deborah C. SHEPHERD and Arnold L. Shepherd.

Deborah C. SHEPHERD, Petitioner-Appellant,

v.

Arnold L. SHEPHERD, Respondent.

No. 11181.

Missouri Court of Appeals, Southern District, En Banc.

Sept. 20, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 12, 1979.

Application to Transfer Denied Nov. 14, 1979.

Michael Baker, Springfield, for petitioner-appellant.

William C. Morgan, Waynesville, for respondent.

PREWITT, Judge.

Petitioner appeals from the trial court's dissolution of marriage decree granting custody of the parties' minor child to respondent. Petitioner's only claim of error is in regard to that custody.

The parties were married on March 2, 1974, and one child, Jason, was born on March 31, 1976. They separated on December 29, 1977. Petitioner now lives in Brigham City, Utah, and works as a bank teller. Respondent lives in the mobile home, which had been their family home, in Dixon, Missouri. At the time of the trial he testified that he had been laid off temporarily from civil service work at Fort Leonard Wood and was working for his father. Both parties had made arrangements for others to care for Jason during working hours, petitioner with her sister, and respondent with a third cousin, age 66, who lives next door. Petitioner's sister is a housewife who has been taking care of Jason in Brigham City. She lives two houses away from petitioner's recently purchased three bedroom home. The sister has two little girls, two and four years.

Both parties demonstrated love and affection toward the child and a desire for custody. All evidence showed each a fit parent and that the child was happy, healthy, and well cared for with either one. Neither party had any complaints of the other's care while with the child. There was disputed testimony that the child had a stuttering problem when he returned to Utah from a visit in Missouri while this action was pending. There were no questions raised about either's moral character.

▉ Petitioner contends that because of the age of the child it is presumed to be in his best interest that he remain with his mother, citing numerous cases. Such holdings do not set forth a strict rule which is conclusive. *In re Marriage of Barr,* 579 S.W.2d 833 (Mo.App.1979); *In re Marriage of Chilton,* 576 S.W.2d 584 (Mo.App.1979).

▉ The often referred to principle that the mother is the better custodian for a child of tender years has been said to be

merely a judicial statement of a common understanding of normal family relationships which foster the best interests of young children. *In re Marriage of Carmack,* 550 S.W.2d 815, 818 (Mo.App.1977). The validity of any such "presumption" in the present environment is questionable. Each person and family situation is different. The evidence indicated that the father was as adept at caring for the child as was the mother. Both were employed full time. If the mother is employed and gone from the home as is the father and has no more part in training and helping in the child's development than the father and if everything else is equal, she has no better claim for custody. *Randle v. Randle,* 560 S.W.2d 876, 879 (Mo.App.1977); *Stanfield v. Stanfield,* 435 S.W.2d 690, 692 (Mo.App.1968). The court, in *Stanfield,* sets forth the basis of the "tender years presumption" and its applicability to a situation such as we have now before us:

> "That statement of the law is of course based on the premise that the father will be at work earning a livelihood for his family, and that the child is of a tender age and that the mother will be in the home taking care of the child's needs, training the child for citizenship, developing his moral background, spiritual culture, a sense of social response and reverence for God. The mother's preferential right of custody hangs on the teaching of these elements. If the mother goes and returns as a wage earner like the father, she has no more part in the responsibility than he and it necessarily follows that *all things else being equal* she has no better claim when the matter of custody is at issue."

■ Here we believe the issue of who should be granted custody should be decided not upon any presumption, but as a factual matter upon all the evidence. See *In re Marriage of Barr,* supra, 579 S.W.2d at 835; *In re Marriage of H. B.,* 559 S.W.2d 73, 75 (Mo.App.1977).

Petitioner, in her brief, contends that the trial court must have found against her to punish her for moving to Utah after filing her petition. There is no basis or inference in the record to support that statement. Every indication is that the court fulfilled its duty to determine the best interest of the child in accordance with the guidelines for custody stated in § 452.375 RSMo 1969.

Petitioner also contends that the type of care to be provided favors her. Testimony was given by the petitioner, respondent, and others, as to the child's care. Both parties worked and made arrangements for others to care for Jason during working hours. Petitioner's sister and respondent's cousin, the proposed custodians, testified. The trial judge was in a better position than we to judge the credibility of the witnesses and their sincerity and character and other trial intangibles which may not be determined from the record. *In re Marriage of Chilton,* supra, 576 S.W.2d at 585.

Petitioner cites *In re Marriage of Carmack,* 550 S.W.2d 815 (Mo.App.1977) and *In re Marriage of Zigler,* 529 S.W.2d 909 (Mo. App.1975) among others. The facts in each case cited are necessarily different from the present situation. Of course, each case must be decided on its own facts. Petitioner puts emphasis on the holding in *Zigler.* There the appellate court reviewed the case "de novo" and reversed the granting of custody to the father. Since that decision, our scope of review has been clarified. In *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), we are told that the decree or judgment of the trial court should be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

■ Petitioner cites *Hart v. Hart,* 539 S.W.2d 679 (Mo.App.1976) to show that the removal of the child from this jurisdiction should be permitted where it is clear that the best interest of the child will be thus served. We agree, but cannot say here that the trial judge had to make a finding that removal was in the child's best interest.

■ The evidence did not clearly preponderate in favor of either party and the

trial court is vested with broad discretion in awarding custody under such circumstances. *Johnson v. Johnson,* 526 S.W.2d 33, 37 (Mo.App.1975). Cases as this are difficult at every level of the judicial process. None of us has divine guidance to determine what actually is in the best interest of a child. Nor can we say that our opinion might be superior to one who saw and heard the witnesses and had to make that most difficult initial decision. The trial judge was in a better position to consider all of the evidence and factors than we and unless we are firmly convinced that the welfare of the child requires some other disposition we should affirm his finding. *In re Marriage of Chilton,* supra, 576 S.W.2d at 585. On the record before us we cannot say that his discretion was abused.

The judgment is affirmed.

All concur, except FLANIGAN, J., recused.