**In re the MARRIAGE OF Murray Lee GRISWOLD, Respondent,**

**and**

**Nancy Gayle Griswold, Appellant.**

**No. WD 32304.**

Missouri Court of Appeals, Western District.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 20, 1981.

Gerald L. Liles, St. Joseph, for appellant.

Tim L. Warren, St Joseph, for respondent.

Before TURNAGE, P. J., and CLARK and LOWENSTEIN, JJ.

CLARK, Judge.

A judgment entered in 1976 dissolved the marriage of the parties and awarded custody of the one child to the wife. The husband subsequently moved to obtain custody

alleging changed circumstances. The wife appeals from the order granting the husband's motion.

Controverted issues at the evidentiary hearing in the trial court centered on the husband's allegation that absences of the wife from the home maintained for the child had significantly relegated the child's care to others, and the wife's responsive contention that the husband's past indifference to the child's welfare disqualified him from seeking custody. On appeal, the wife asserts that findings adverse to her on these points amounted to an abuse of the trial court's discretion. She also claims the benefit of a "tender years presumption" to support reversal of the custody award.

■ A judgment of a trial court ordering a change in custody of a child may be reversed on appeal only if the judgment is not supported by substantial evidence, is against the weight of the evidence, or resulted from an erroneous declaration or application of the law. *Galeener v. Black*, 606 S.W.2d 245, 246–47 (Mo.App.1980). In *Galeener*, the court restated the fundamental tenets which control review of court-tried cases in general and dissolution cases in particular. These include the presumption in child custody matters that the trial judge studied all the evidence carefully and, with the advantage he enjoys of observing the witnesses firsthand, that he rendered judgment in accord with the best interests of the child.

Fairly summarized, the evidence here entitled the trial court to find that after the marriage dissolution, the wife and child lived with the wife's mother in Brunswick, Missouri, where they ostensibly continued to reside as of the date of the hearing. Throughout the period, however, the wife was elsewhere significant periods of time and, at the date of the hearing, the wife was actually employed in Kansas City. To fulfill the obligations of her work, the wife was required to leave Brunswick early Monday usually returning late Thursday although she occasionally stayed over in Kansas City to work weekends. Much of the responsibility for the child's care therefore devolved on the wife's mother.

For a time following the decree, the husband made regular child support payments but these soon lapsed into irregularity and, finally, the husband ceased payments entirely. So, also, was the record of personal visitation between the husband and the child one of estrangement. As of the date of hearing, the husband had not seen the child for approximately one year. Quite evidently, there was strong animosity between the husband and the wife's mother and this personal conflict was a major factor in discouraging visitation and in generating retaliation as to support payments. Moreover, the husband remarried, lives with his present wife who is not employed outside the home in Robinson, Kansas, and therefore any visitation with the child involves a round trip of some 500 miles. According to the husband, his former wife's mother supervised visitation requiring that all personal contact be in her home under her direction.

■ Having in view the conditions under which findings by the court in a bench trial are reviewed, as noted above, and the paramount consideration given to the child's best interests, *Flynn v. Flynn*, 604 S.W.2d 785 (Mo.App.1980), the order here modifying custody is supported by substantial evidence and is not against the weight of the evidence. There was no serious contention made on the brief of erroneous declaration or application of the law and no consideration of those grounds is undertaken.

In this case, as in most marriage dissolution disputes, there was no fully satisfactory solution available to the trial court which was obligated, by the ongoing controversy of the marriage breakdown, to intervene and assess the least undesirable arrangement for the child's welfare. This appeal presents no viable points appropriate to judicial review, only a reargument by the wife of factors already considered by and resolved in the trial court forum. That decision was supported by substantial evidence, was not against the weight of the evidence and will not be overturned.

In a final point, the wife urges what she seems to perceive as a rule of law in child

custody cases. She argues that a presumption entitles her to custody of the five-year-old child and that a father who seeks custody of a young child bears an enhanced burden of proof merely by reason of the child's age. On this account she contends that minimum evidence favoring her custody must prevail in the circumstance of this "presumption."

The wife errs in contending that any rule necessarily favors placing custody of a young child in the mother in all cases. If the facts of the case are that the mother fills the traditional role of a homemaker while the father is absent during working hours, custody of a young child is best placed with the mother because she is physically present to serve the child's needs. If, as in this case, however, the mother is also employed outside the home as is the father, and other factors are balanced, the mother has no better claim to custody than does the father. Each case is dependent on its own peculiar facts and, thus, the placement of a child of tender years with the mother does not turn on any legal presumption, but on the facts of the case. *In re Marriage of Shepherd*, 588 S.W.2d 174 (Mo.App.1979); *Ijames v. Ijames*, 611 S.W.2d 41 (Mo.App. 1981).

The judgment is affirmed.

All concur.