David HACK, Appellant,

v.

Ellen HACK, Respondent.

No. 49244.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 6, 1985.

Douglas R. Beach, Brian D. Winer, Clayton, for appellant.

William E. Albrecht, Clayton, for respondent.

DOWD, Presiding Judge.

David Hack appeals the dissolution decree which awarded primary custody of the parties' two minor children to the wife Ellen. We find substantial evidence to support the judgment and we therefore affirm.

David and Ellen Hack were married July 21, 1979. The marriage resulted in two children, Joshua, age 4, and Jeremy, age 22 months.

Shortly after the couple was married in 1979, David went on a two year tour of duty with the navy until 1981. David was required to be away aboard ship for several months at a time. During this period, Ellen had sole responsibility for care of their then only child Joshua. In January of 1982, after David had completed his tour of duty with the navy, the couple took up residence in Affton. Neither David nor Ellen maintained consistent employment from this point till the time of their separation. David worked off and on as a security guard at night. Also during the time of their residence in Affton, David attended trade school. Ellen worked approximately eight months during this period at Time Electronics as an assembler and later a shipping clerk. The job in shipping required Ellen to be on her feet the entire day and to do lifting. While Ellen worked, David took over primary responsibility for supervising their two sons.

The couple separated in April of 1983. At that time, David took the children with him when he left. Shortly thereafter by agreement of the parties, Jeremy was returned to the custody of his mother and Joshua remained with his father.

St. Louis County Circuit Court Domestic Relations Services compiled a custody report which was introduced into evidence at the trial. The report recommended that Joshua remain in the custody of David, and Jeremy with Ellen. The trial court ordered primary care, custody, and control of the parties' two children be placed in Ellen.

David Hack's only point on appeal is that the judgment was against the weight of the evidence because (1) David was the

primary provider of care for the children during the later years of the marriage; (2) Ellen used marijuana; (3) Ellen physically abused the children; and (4) the Domestic Relations Services report recommended that Joshua remain in David's custody. In a court tried case, "[a]ppellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Deference should be given to a trial court's assessments of what serves the best interest of a child in custody matters and its decision in that respect should be affirmed on appeal unless it lacks substantial evidence to support it, or it is against the weight of the evidence, or erroneously declares or applies the law. *R.G.T. v. Y.G.T.*, 543 S.W.2d 330, 331 (Mo.App. 1976). The appellate court indulges the presumption that the decision of the trial court in custody proceedings was motivated by what the judge believed was best for the child. "The reviewing court grants greater deference to the lower court's determination when custody of a minor child is involved." *In re Drew*, 637 S.W.2d 772, 778 (Mo.App.1982).

We now turn to the facts of the instant case. Firstly, David tended the children while Ellen was working full time and he was not. However, Ellen was the sole provider of care the many months David was aboard ship during his two year tour of duty in the navy. The mere fact that the father cared for the children while the mother worked full time does not indicate that an award of custody to the mother was not in the children's best interest.

Secondly, Ellen admitted at trial to having smoked marijuana. However, she testified that she used the drug less than nine times during her marriage to David, and had not used it in over a year before the trial. Furthermore, David testified that he had used marijuana twice during the marriage. Character of a parent is a proper subject of inquiry when the custody of a child is under consideration; however, such minimal use does not show that the children will not enjoy what is otherwise a stable home. See *Downing v. Downing*, 537 S.W.2d 840, 843–44 (Mo.App. 1976); also *Ex parte Ray*, 573 S.W.2d 152, 154–55 (Mo.App.1978).

The record discloses that the mother had once slapped Joshua, and on another occasion shoved him with her foot. "[W]hile a parent has the common-law right ... to use force to the extent that he or she reasonably believes is necessary for maintenance of discipline or to promote the child's welfare, the parent may not inflict or allow another to inflict, unreasonable corporal punishment upon the child." 2 McCahey, et al., Child Custody & Visitation Law and Practice § 10.10(1) (1st ed. 1983); *State v. Black*, 360 Mo. 261, 227 S.W.2d 1006, 1009–1010 (1950). A parent is not unfit to have custody simply because he or she struck the child. The two instances of physical force used by Ellen Hack are minimal and within a mother's common law right to discipline a child.

The last argument offered in support of the father's appeal is the report of the Domestic Relations Services which recommends that Joshua remain in David's custody while Jeremy's custody be with Ellen. A report of this nature is merely advisory; the court is not bound in any fashion by such a report. Furthermore, absent exceptional circumstances, the children of divorced parents should not be separated. *Cochenour v. Cochenour*, 642 S.W.2d 402, 404 (Mo.App.1982). While testifying at trial, David stated that he believed it was not in the boys' best interest to be separated. Thus, the father himself disagreed with the recommendation of the report. Therefore, it was not clearly unreasonable for the trial judge to have found that it was in the boys' best interest to be together and refuse to order separate custody.

In the instant case, the decree of the lower court cannot be said to be wrong. Therefore, we defer to the trial court's

judgment that the "best interests" of the two minor children will be achieved by placing them in the custody of the mother.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.