Deborah C. SHEPHERD (Cheney),
Petitioner-Respondent,

v.

Arnold Lewis SHEPHERD,
Respondent-Appellant.

No. 14377.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 1986.

Motion for Rehearing or to Transfer to
Supreme Court Denied Nov. 4, 1986.

Michael Baker, Springfield, for petitioner-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for respondent-appellant.

GEORGE HENRY, Special Judge.

Arnold Shepherd (Shepherd) appeals from the trial court's order which 1) denied his request for a change of custody of the parties' son, Jason, from his former wife, Deborah, to him, 2) restricted his visitation rights, and 3) awarded attorney fees to Deborah.

Following marriage in 1974, and the birth of one child, Jason, on March 31, 1976, a petition for dissolution was filed in January 1978. Prior appeals to this court fully chronicle the continuing legal struggle for custody of Jason. *In re Marriage of Shepherd,* 588 S.W.2d 174 (Mo.App. 1979), and *In re Marriage of Shepherd,* 650 S.W.2d 732 (Mo.App.1983). The opinion of this court handed down April 27, 1983, was followed by another motion to modify, again seeking change in Jason's custodian.

On appellate review, the trial court's judgment must be affirmed unless there is no substantial evidence to support it, or that it is against the weight of the evidence, or that it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Conflicts in the evidence are for the trial court to resolve, *Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481, 483 (Mo. banc 1980), and, in doing so, it may believe all,

part, or none of any witness' testimony. *Id.* at 483[4]; *Estate of Graves*, 684 S.W.2d 925, 926 (Mo.App.1985).

■ Shepherd's first point of alleged error on appeal is that the trial court's overruling of his motion to modify and change of custody is against the weight of the evidence.

The trial court's findings of fact bearing on this point are as follows:

3. That the periods of time prior to and after visitation are stressful to said child causing among other things, an aggravation of his asthmatic condition. This is not in the best interest of the child.

4. That Respondent (father) has kept the child involved in the custodial arrangements by making his child support checks payable to the child and mailing them to him. The court finds that this is an attempt by Respondent to alienate the child from Petitioner and not just an isolated incident. That this is not in the best interest of the child.

Evidence on those findings was conflicting. It is the trial judge's function to resolve the conflicts in evidence. *Trenton Trust, supra,* 599 S.W.2d at 483[4]; *Novak v. Akers,* 669 S.W.2d 644, 647 (Mo.App. 1984). Upon review of the record, we find there was substantial evidence to support the findings, which justified the trial court's denial of Shepherd's motion to gain custody of Jason. The point is denied.

■ Shepherd's second point is that the trial court improperly restricted his visitation.

The decree of March 15, 1982, in effect at the time of the filing of the present motion to modify, granted Shepherd the right to have Jason with him on alternate weekends from 6:00 p.m. on Friday to 6:00 p.m. Sunday. The trial court's order appealed from provided,

That because of the stress placed on the child at the times prior to and after periods of visitation, it would be in the best interest of the child to modify Respondent's visitation as follows: Respondent to have Jason with him on the second weekend of each month from 6:00 p.m. on Friday until 6:00 p.m. on the following Sunday.

Prior to the order Shepherd had weekend visitation 26 times per year. After the order, he has weekend visitation 12 times per year.

Section 452.400(2)[1] states that a court "shall not restrict (previously granted) visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development." *Feese v. Feese,* 613 S.W.2d 882, 887 (Mo.App.1981), quoting from *L.L.T. v. P.A.T.,* 585 S.W.2d 157 (Mo.App.1979). The burden was on Deborah to prove that a continuation of every other weekend visitation would endanger or impair Jason's physical health or impair his emotional development. *Feese, supra,* at 887.

The trial court's finding that the periods of time prior to and after visitation are stressful, causing, among other things, an aggravation to Jason's asthmatic condition relates to his medical condition. Evidence in the record shows that Jason had asthma at least as early as March 1982, when the second motion to modify was tried, and also that Jason's asthma was aggravated at times when he was with Deborah, by other stresses, such as over exertion, humid weather, allergic reaction to a parakeet, and failure to get his own way. No medical evidence was presented from which it could be found that stress attendant to visitations affected his health to any greater degree than other stresses. Shepherd's allegation of trial court error in regard to restriction of his visitation privileges is well taken.

■ In his third and last point of alleged error, Shepherd contends that the trial court erred and abused its discretion in awarding attorney fees in the amount of $2,099 to Deborah. The value of attorney services and the reasonableness of the fee

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

are not questioned. Rather, Shepherd asserts that Deborah's need for attorney services was occasioned entirely by reason of her failure to work out the parties' problems through nonjudicial means.

The evidence in the record amply supports the conclusion that for more than five years, counseling and negotiations have not brought about the resolution of the parties' problems. Shepherd has been the moving party in the last two court actions. Deborah had little choice but to defend the actions, which she chose to do, as was her right, with the assistance of an attorney.

At the time of the trial, Deborah was not working outside the home. She did babysitting in her home for $20 a week. She is not contemplating work outside the home as they are taking another child into their family. She has no money to pay her attorney. Shepherd operates his own business from which he has income of $20,000 to $25,000 a year.

Trial courts are granted wide discretion in deciding who should pay attorney fees in an action of this type. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo. banc 1979). The court did not abuse its discretion in awarding attorney fees to Deborah. The point is denied.

The judgment of the trial court is affirmed except as to its order modifying visitation provisions of the March 15, 1982 order, which is reversed. This cause is remanded to the trial court for the purpose of entering a new order in compliance herewith.

GREENE, P.J., and HESS and ELLISTON, Special Judges, concur.