In re The Marriage of Randal W.
HART, Respondent,

v.

Mary Katherine HART, Appellant.

No. WD 40773.

Missouri Court of Appeals,
Western District.

Feb. 28, 1989.

Patrick Woodley, Warsaw, for appellant.

Larry M. Burditt, Warsaw, for respondent.

Before FENNER, P.J., and
SHANGLER and BERREY, JJ.

FENNER, Judge.

Appellant, Mary Katherine Hart, appeals from a decree of dissolution which granted custody of her minor son, Eric Wayne Hart, to his father, Randy W. Hart.

The parties were married on April 3, 1976. Eric was born on September 3, 1985, and was legally adopted by Mary and Randy Hart on December 23, 1986. The parties separated in February, 1987. Pursuant to the decree, Randy was awarded custody of Eric, the trial court finding this to be in the best interest of the child.

When Eric came into the Hart's home, Kathy was a full-time employee at Wal-Mart and Randy worked seasonally driving a dump truck in his family's business.

Testimony was heard by the trial court from both of the parties. There was evidence that early in the marriage Randy drank alcoholic beverages to excess, which Randy admitted. There was testimony from Kathy, that early in the marriage the parties experienced some turbulence in the form of Randy's temper and violent displays, e.g., damage to interior doors of the home. Kathy also testified that she became discontented with the lack of privacy due to what she perceived to be interference by Randy's parents and because of this she felt she was not getting "quality family time" with her husband and son.

There is evidence in the record that early in 1987 Kathy had an off-again, on-again, extra-marital affair with a long-time family friend. Following a few brief attempts at reconciliation Randy filed for divorce on February 18, 1987. Kathy and Eric then went to stay with Kathy's aunt for a week but were forced to leave due to crowded conditions. Kathy and Eric next moved in

with her above mentioned paramour until May, 1987. Currently, Kathy resides in Warsaw, Missouri, where she rents a two bedroom apartment. She works full time at Wal–Mart. Through her employment Kathy maintains health insurance which covers herself and Eric. Kathy's monthly income from this employment is $519.80.

Randy Hart is currently employed as a dump truck driver for his father's business, which is seasonal. In this position his hours are fairly flexible. His yearly income from that employment was approximately $7,900 for the year prior to trial. He and Eric currently live in a home owned by his uncle pursuant to a ten year lease. His rent is basically upkeep and the payment of taxes on the house. This is the home where Randy has been living from the time Eric was brought home after being adopted. During the time the parties were married, and while both were working, Eric would be taken care of the majority of the time by either Kathy Chance, a babysitter, Randy's mom or his Aunt Helen. Occasionally, Randy would take Eric to work with him when Eric was older.

Randy's mother and father live about a quarter of a mile from him and his Aunt Helen lives beside him in a trailer house. Since the parties have separated, when Randy needs a babysitter for Eric, either his mother, his father or his Aunt Helen come to his home and care for Eric.

Mary Hart presents four points on appeal all of which, in sum, charge error in the trial court's award of custody of Eric to his father Randy. She maintains that said award was against the weight of the evidence.

The well established standard of review herein is set forth in the landmark case of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the decision of the trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. This court will exercise the power to set aside the decree of the trial court on the ground that it is against the weight of the evidence

with caution and only upon a firm belief that the decree is wrong. *Id.*

In her first point Kathy Hart argues that the trial court erred in awarding custody of Eric to Randy because such award was not in Eric's best interest in that the evidence clearly demonstrates that Kathy is a loving, caring parent concerned for and capable of providing for Eric's physical and emotional needs while encouraging Eric's natural development.

■ Kathy correctly points out that in child custody determinations the paramount concern is what is in the best interest of the child. *Fastnacht v. Fastnacht*, 616 S.W.2d 98 (Mo.App.1981). However, the determination of the trial court in regard to child custody is granted greater deference than in other types of cases. *Id.*

■ Kathy points out that with one exception, every witness, whether called on behalf of herself or Randy, testified that she is a good mother. She also notes that she is equipped and prepared to care for Eric, i.e., she now lives in a two bedroom apartment, she has made babysitting arrangements and she truly loves Eric.

While not unmindful of Kathy's love for Eric or her ability to care for Eric, this court cannot escape the standard of review which must be followed. See *Murphy v. Carron, supra.* The trial court had before it all of the evidence and was in the best position to determine what was in Eric's best interest. There was ample evidence as is illustrated by a recitation of the facts, from which the trial court could determine that Eric's best interests would be served by placing him in the custody of his father. Therefore, Kathy's point one is denied.

■ In point two, Kathy maintains that the trial court erred in awarding custody of Eric to Randy because Randy has a violent temper, is verbally and physically abusive, has a history of alcohol abuse, is unwilling to nurture the natural development of the child and is inadequately prepared to provide for the physical and emotional needs of Eric.

The incidents that Kathy refers to wherein Randy exhibited the above characteristics either occurred several years ago, prior to the time Eric was living at the parties' home or were denied by Randy. Randy did admit that at a previous point in time he had a problem with alcohol but that he no longer does. Also of significance is the fact that the one incident that Kathy dwells upon and which Randy admits, when Randy pulled the spark plugs from her car, was not in any way directed toward the child. There exists nothing in the record to suggest that any of the past behavior of Randy was directed toward or adversely affected Eric.

In sum, the trial court had before it conflicting testimony, as is not an unusual occurrence. The trial court is in the best position to resolve these disputes and there is nothing in the record to indicate that the trial court incorrectly reached its determination. Point II is denied.

In points three and four Kathy maintains that the trial court's decision was based upon her relationship with her paramour and family friend. This was error, according to Kathy, first, because there was no detrimental impact on Eric as a result of this relationship and second, because such basis served solely as a punishment to her.

There is no indication from the record that the trial court considered Kathy's extra-marital relationship as the sole basis for its award of custody. Kathy's assertions in this regard amount to nothing more than speculation. The trial court did not, as Kathy alleges, ignore its task of determining the best interests of Eric. Unless this court is firmly convinced that Eric's welfare requires some other disposition other than that made by the trial court, the judgment must stand. *C.A.Z. v. D.J.Z.*, 647 S.W.2d 895, 896 (Mo.App.1983). Once again, the trial judge who saw and heard the witnesses is in a better position to consider all of the evidence and arrive at the difficult decision. See, *In Re Marriage of Shepherd*, 588 S.W.2d 174, 177 (Mo.App. 1979).

Because the decision of the trial court is supported by substantial evidence and is not against the weight of the evidence, it is here affirmed.

All concur.