Patrick B. MARTIN, Respondent,

v.

Kristina (Martin) WHITE, Appellant.

No. 17450.

Missouri Court of Appeals,
Southern District,
Division One.

March 2, 1992.

John L. Woodward, Woodward and Associates Law Firm, P.C., Cuba, for respondent.

Scott B. Tinsley, Springfield, for appellant.

PREWITT, Presiding Judge.

The marriage of the parties was dissolved on February 24, 1987. They had one child, Tiffany Pearl Martin, born October 26, 1982. Appellant appeals from an order modifying the decree regarding custody of the child.

Appellant contends the trial court erred by awarding "temporary physical custody" of the child to respondent because there was no substantial evidence to support the order, it was against the weight of the evidence, and not in the best interest of the child. Appellant says that the order was erroneous in failing to provide visitation rights for her during certain holidays, by disregarding evidence that respondent obtained an unlisted phone number while he had custody of the child and would not give it to appellant; that the respondent refused to provide appellant with the policy number of his health insurance; that he had unreasonably restricted and denied appellant access to the child when he had physical custody; and there was a lack of evidence to support the father's allegations of changed circumstances.

■ Review in this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). This court sets aside a judgment on the ground that it is against the weight of the evidence only when it has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo. App.1990).

■ Due regard is given by this court to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). The trial court is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979).

■ The trial court may disbelieve testimony even when uncontroverted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App.1989). All facts upon which no findings are made are presumed found in accordance with the result reached. Rule 73.01(a)(2).

■ The trial judge has considerable discretion is making custody orders and this court should not disturb the trial court's findings unless it is manifestly erroneous and the welfare of the child requires some other disposition. *In re Marriage of Goostree*, 790 S.W.2d 266, 267 (Mo.App.1990).

Under § 452.410, RSMo Supp.1990, courts are not to modify a prior custody decree unless it is found "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

■ To prevail on a motion to modify custody, the moving party must show a change of circumstances of the child or of the custodial parent, not the non-custodial parent, which is significant, directly affecting the welfare of the child. *In re Marriage of Carter*, 794 S.W.2d 321, 324 (Mo. App.1990).

■ The first complaint of appellant which we discuss is the assertion that the trial court failed to provide any visitation rights for her with the child during the Christmas, Thanksgiving, or Easter holidays. Respondent replies that the order of

modification, by providing that the original decree remanded in effect except as modified, preserved the holiday rights originally given appellant. The original decree, incorporating the parties' separation agreement, alternated yearly visitation during Christmas, Thanksgiving and Easter.

Respondent may be correct that this provision is still in effect. So that there will be no question, however, the trial court should amend its order to expressly provide that the visitation during those periods is not changed by the order of modification.

 Respondent testified that he did not give his phone number to appellant because of arguments that they had over the phone. He said he did not give her his health insurance policy number because he wanted to be notified if anything happened to the child. In the order modifying the decree each party was required to provide their telephone number to the other. Respondent also testified that he and appellant mutually agreed that she not have certain visitation while he had physical custody of the child. He denied that he ever refused appellant visitation or custody in violation of the decree. Whether respondent's testimony was true was for the trial court to decide and as there were no findings on these issues, we presume the trial court found respondent's testimony was true and that he acted in good faith.

Appellant acknowledges that modification of the original decree was necessary, citing *Margolin v. Margolin*, 796 S.W.2d 38 (Mo.App.1990), then stating in her brief:

> Where there is substantial evidence that the parties are unable to cooperate, as in Margolin, joint custody is not an alternative which is in the best interest of the child. That is clearly the case here, and Appellant does not contend that the Court committed error in departing from the joint custody arrangement set forth in the original Decree.

Joint physical custody not working is a sufficient basis for modification of the decree. See *Margolin*, 796 S.W.2d at 48–50. The trial court necessarily then had to determine which party should have primary physical custody and under this court's limited review, its determination was not erroneous.

The judgment is affirmed but the cause remanded to the trial court for it to amend its order modifying the decree to specifically state that appellant have the rights of visitation during Christmas, Thanksgiving and Easter set forth by the original decree by its reference to the parties' separation agreement.

CROW and PARRISH, JJ., concur.