**Claire L. SINOPOLE, Respondent,**

v.

**John V. SINOPOLE, Appellant.**

**Claire L. SINOPOLE, Appellant,**

v.

**John V. SINOPOLE, Respondent.**

**Nos. 63367, 63481.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1994.

Application to Transfer Denied
March 22, 1994.

Sandford J. Miller, Clayton, for Claire L. Sinopole.

John J. Cavanagh, Clayton, for John V. Sinopole.

CRIST, Judge.

This is a consolidated appeal from a dissolution of marriage decree entered on December 16, 1992. Husband appeals the child custody and visitation arrangements, as well as the division of the marital property. Wife appeals the issue of attorney's fees. We affirm in part and remand in part.

Wife and Husband were married on May 11, 1984. Two children were born of the marriage on November 26, 1985 and July 17, 1988. Some time in November of 1989, Wife separated from Husband. On December 1, 1989, Wife filed her petition for dissolution.

On December 16, 1992, the trial court entered its decree of dissolution. The court placed primary custody of the minor children in Wife. Husband was awarded reasonable visitation and temporary custody generally on the following days: (1) every other weekend, beginning at 6 p.m. on Friday and ending on 6 p.m. on Sunday; (2) one week night each week from 5 p.m. on Wednesday until 8 a.m. on Thursday; (3) six weeks during the summer to be divided into three 14-day periods to coincide with children's summer vacation; and (4) certain holidays.

Husband contends the trial court erred in granting primary custody with Wife because it is against the weight of the evidence. Husband also challenges his temporary custody and visitation as unreasonable because it effectively eliminates meaningful contact between him and his children.

The trial court's decision has to be affirmed unless it against the weight of the evidence, unsupported by substantial evidence, or misstates or misapplies the law. *Behnke v. Behnke*, 829 S.W.2d 45, 46 [1] (Mo.App.1992). In child custody determina-

tions, the trial court's decision is afforded greater deference than in other cases. *Hart v. Hart*, 766 S.W.2d 131, 132 [1] (Mo.App. 1989). Unless the appellate court is convinced some other disposition is required, the trial court's decision must stand. *Id.* at 133 [3]; *Johnson v. Johnson*, 839 S.W.2d 714, 717 [6] (Mo.App.1992).

■ In child custody, the welfare of the children is the paramount consideration. *Aston v. Aston*, 810 S.W.2d 720, 721 [2] (Mo. App.1991). We must presume the trial court awarded custody in the best interests of the child, because of the trial court's better position to judge the credibility of the witnesses as well as "their sincerity, character, and other trial intangibles which might not be completely revealed by the record." *Hartig v. Hartig*, 738 S.W.2d 160, 161 [2, 3] (Mo. App.1987); *See also, Martin v. White*, 825 S.W.2d 379, 380 [3] (Mo.App.1992).

A lengthy reiteration of the facts from 650 pages of transcript testimony is unnecessary. Husband's brief focuses on evidence which he contends shows he would be the better parent. However, allegations of improper parenting, marital misconduct, and the like were made on both sides. After reviewing the entire record, this court holds the award of primary custody to Wife is not against the weight of the evidence.

■ Husband further argues the trial court erred in failing to rely on the guardian ad litem's report, which suggested primary custody be placed in Husband. We reject this argument, because such reports are advisory and the trial court was not bound by such report. *Hack v. Hack*, 695 S.W.2d 498, 500 [8] (Mo.App.1985).

■ Husband also challenges his visitation with the children as unreasonable. The facts presented are unique. The record clearly shows Husband must work nights on Thursday through Monday. As a consequence, his "weekend" lies on Tuesday and Wednesday, not Saturday and Sunday. Husband asserts this schedule will not change in the near future, because he lacks seniority. Even so, the decree included visitation for him with the children every other weekend from Friday at 6 p.m. to Sunday at 6 p.m. Husband

contends this is unreasonable, because his visitation will be extremely limited during that time.

■ Section 452.400.1, RSMo Supp.1992, provides: "A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development." We give the trial court's determination of visitation due deference and will not overturn it unless Husband shows it was not in the best interests of the children. *In re Marriage of Amos*, 843 S.W.2d 946, 950 [2, 3] (Mo.App.1992).

We find Husband's visitation to be reasonable. Husband has unusual hours, placing his "weekend" during the middle of the school week for the children. While one of the minor children attended school near Husband in O'Fallon during the trial, Wife stated it was her intention to place them both in a parochial school near her home in Florissant if she was granted primary custody. As a result, if Husband were granted visitation during the school week, his time with the children would still be limited and the children would have to undergo the additional burden of travelling between O'Fallon and Florissant. At trial, Husband stated he did not believe the extended travel was beneficial for the children. Furthermore, Husband is granted visitation every Wednesday from 5 p.m. to Thursday at 6 a.m. He also has six weeks with his children in the summer. Point denied.

In Point II, Husband challenges the division of the marital assets. In dividing the marital property, the trial court found the net value (equity) of the marital home was $8,000. It then awarded the marital home to Husband, along with miscellaneous marital property valued at $3,081, for a total of $11,-081. Husband was then ordered to pay $5,500 to Wife as her share of the marital property. Wife was awarded no other marital property. Husband contends the court erred in its division of the marital property: (1) by failing to consider the marital misconduct of Wife; and (2) in valuing the marital home's equity at $8,000.

■ Both Husband and Wife admitted to having relations with other people since their separation. Both alleged marital misconduct of extramarital affairs by the other occurring prior to their separation. Accordingly, neither party was more culpable than the other, and the trial court did not err in ignoring such misconduct, if it did. *See, In re Marriage of Sumner,* 777 S.W.2d 267, 274 [11] (Mo.App.1989). In addition, while § 452.330.1, RSMo Supp.1992, does provide the court may consider the conduct of the parties during marriage, such misconduct is not the sole factor to be considered. *See, In re Marriage of Myers,* 845 S.W.2d 621, 625 [4] (Mo.App.1992). In the case at hand, the court could have relied upon the economic circumstances of Wife and the fact she would be the primary custodian of the two minor children. Section 452.330.1.

■ Husband also contends the trial court's decision to value the equity of the marital home at $8,000 was in error. We disagree. Husband offered evidence indicating the mortgage was $57,110.40 as of January 1, 1992. Wife's statement of property indicates the amount owed on the marital home was $57,000. Wife testified she believed the property to be worth $65,000. Husband's evidence consisted of an expert appraisal of $59,000.

■ We affirm the trial court's finding, noting "the trial court is entitled to believe or disbelieve the testimony of either party and can disbelieve expert testimony." *In re Marriage of Smith,* 785 S.W.2d 764, 767 [5] (Mo.App.1990); *See also, Cohn v. Cohn,* 841 S.W.2d 782, 786 [7] (Mo.App.1992). Furthermore, the owner of property is competent to testify as to its value. *In re Marriage of Stuart,* 805 S.W.2d 309, 312 [2] (Mo.App. 1991). In finding an equity of $8,000, the trial court could have relied upon a mortgage of $57,000 and Wife's testimony the value of the home was $65,000. The trial court's value is within the range of evidence presented. *See, In re Marriage of Lewis,* 808 S.W.2d 919, 925 [17] (Mo.App.1991). Point denied.

■ Wife contends the trial court erred in failing to address her motion for attorney's fees. During the proceedings, Wife filed a motion requesting Husband be ordered to pay her attorney's fees. At trial, Wife testified she had incurred attorney's fees of $9,355 and had no ability to pay said fees. Her attorney later testified Wife owed him attorney's fees in the amount of $11,197.50. He requested Husband be ordered to pay that sum to him. However, the trial court made no mention in the decree regarding attorney's fees. Its only reference to Wife's motion for attorney's fees was in a later docket entry regarding the dissolution of marriage decree where the trial court noted attorney's fees were "N/A."

Due to the trial court's failure to rule on this issue, we remand to the trial court for the sole determination of whether an award of attorney's fees to Wife is warranted pursuant to § 452.355, RSMo Supp.1992, and if so, what amount. No new evidence need be adduced for the trial court to make this determination.

We remand for the trial court to determine whether Wife should be awarded attorney's fees and if so, what amount. The judgment is affirmed in all other respects.

CRANDALL, P.J., and REINHARD, J., concur.