**In re the Marriage of Gregory W. LARKINS, Respondent,**

v.

**Nancy A. LARKINS, Appellant.**

No. 68171.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1996.

Prudence Fink Johnson, Union, for Appellant.

Dempsey, Williamson & Piontek, Joseph R. Aubuchon, Union, for Respondent.

KAROHL, Judge.

Nancy Larkins (Mother) appeals amended order denying her motion modifying a dissolution decree with respect to child custody and visitation. We affirm.

Gregory Larkins (Father) and Mother obtained a dissolution on August 29, 1991. Two boys were born during the marriage: now ages eight and eleven. The decree awarded joint legal custody, but granted Mother physical custody and Father temporary custody. Father had temporary custody every other weekend beginning 6:00 p.m. on Friday to 6:00 p.m. Sunday; one night each weekday; five weeks each summer; and specific holidays. Mother was awarded the marital home located in North St. Louis County.

Father moved to Pacific, Missouri, which is about 54 miles from the children. In 1992, he moved to St. Charles, Missouri, about 25 miles from the children. After a year he moved to Independence, Missouri, which is about 240 miles from St. Louis. He later relocated to Kansas City, Kansas.

October 1993, Father filed a motion to modify child custody, visitation, and to establish responsibility for transportation. He also requested the court hold Mother in contempt for refusing to allow him to visit his children. At the motion hearing Father tes-

tified he had provided all transportation for temporary custody. He also indicated Mother would not allow him to exercise overnight visitation with the children. If Father wanted to see the children, he had to pick them up and return them.

The original modification order required both parties to equally share the responsibility for transportation for Father's temporary custody.

[Father] shall be responsible for the transportation of the minor children at the beginning of [his] periods of visitation and temporary custody. [Mother] shall be responsible for transportation of the children at the termination thereof.

This order required Father to pick up the children in St. Louis on Friday and drive them to his home in Independence, Missouri. Mother was ordered to pick up the children in Independence, Missouri, on Sunday returning them to her home in St. Louis.

Mother subsequently filed a motion for new trial on the issue of transportation. The motion court issued the following order:

At the beginning of the visitation and temporary custody, [Mother] or any responsible adult she designates will transport the children half way to meet [Father] or any responsible adult he designates. Given [Father's] residence is in Independence, Missouri, and [Mother's] is in Earth City, Missouri, the Court designates "half way" as the north entrance of the Holiday Inn Executive Center, 2200 I–70 Dr., S.W. (Stadium Blvd. at I–70) in Columbia, Missouri, where the children will be delivered for temporary custody and visitation. At the end of temporary custody and visitation [Father] or any responsible adult he designates shall return the children to the same location to [Mother] or any responsible adult she designates. Visitation and temporary custody will begin and end upon transfer of the children to Columbia....

■ Mother raises four points on appeal. We consider Mother's first, third and fourth points together because they are interrelated. She contends the motion court abused its discretion in ordering her to transport the two children, at her expense, to Columbia,

Missouri—halfway between Kansas City, Kansas, and St. Louis, Missouri,—because Father's "unilateral" move to Kansas City does not justify the physical and financial burden on her.

■ We review orders modifying custody and visitation in accordance with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The motion court has a duty to determine all the facts bearing on custody and visitation, and the best interest of the children. *Sinopole v. Sinopole*, 871 S.W.2d 46, 48 (Mo.App. E.D.1993). The trial court's order will not be overturned unless the appellant demonstrates it was not in the best interest of the child. *Id.* A trial court has broad discretion to apportion travel expenses between parents when exercising child custody rights. *Stanton v. Abbey*, 874 S.W.2d 493, 501 (Mo.App. E.D.1994); *Ronzio v. Ronzio*, 673 S.W.2d 100, 102 (Mo.App.1984).

Mother relies on the dissenting opinion in *Ronzio*. In *Ronzio*, mother filed a motion because her new husband would be working in Atlanta, Georgia, and she requested permission to move there with the children. *Id.* at 101. We affirmed the motion court's decision to require mother to pay "one-half" of the children's air-fare in order to see their father. *Id.* at 102. The dissent believed there was no evidence the unemployed mother had the means to pay the cost of the air-fare. *Id.* at 102. The *Ronzio* dissent is inapplicable to the case at bar because there is evidence Mother is employed and can meet the expense imposed by the transportation arrangement.

Mother has failed to show the trip to and from Columbia is not in the best interest of the children. There is no evidence to show the transportation arrangement has, or will have, a detrimental effect on the children. The factual contest at the motion hearing consisted only of "welfare of the parents" without considering the best interest of the children. If the arrangement becomes a problem for the children, it can be corrected by further modification. Points one, three and four are denied.

■ Mother's last argument contends the court erred in finding: (1) she lives in Earth

**154**

City, and (2) Columbia, Missouri is "half way" in between St. Louis and Kansas City, Kansas. There was no evidence she lives in Earth City; she testified she lives in North St. Louis County. However, this error does not substantively prejudice her. The same is true on Mother's argument that Columbia is not "half-way" between St. Louis and Kansas City. We take judicial notice Columbia is approximately half-way between Mother's and Father's residence.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.