**Ricky Eugene FRANCIS, Appellant–
Respondent,**

v.

**Tara Kay (Francis) GLENN,
Respondent–Appellant.**

Nos. 19559, 19596.

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 10, 1995.

Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, Frederick W. Martin, III, West Plains, for appellant/respondent.

David G. Neal, Neal Law Firm, Eminence, for respondent/appellant.

PARRISH, Judge.

Ricky Eugene Francis (father) and Tara Kay (Francis) Glenn (mother) each appeal an order modifying child support provisions of the judgment that dissolved their marriage. The appeals are consolidated.

In *Glenn v. Francis,* 864 S.W.2d 947 (Mo. App.1993), this court affirmed in part an order modifying the judgment in the dissolution case, reversed the order in part, and remanded the case with directions. On remand the trial court modified the judgment by ordering father to pay child support for Teah Nicole Francis, born March 14, 1982, and Kindra Lanae Francis, born July 30, 1984, in the amount of $361 per month, retroactive to June 1, 1992. This court modifies the order as to the amount of child support that father is to pay. As modified, the trial court's Judgment After Remand is affirmed.

The facts that were originally presented to the trial court are recited in the opinion in the first appeal. After remand the trial court heard additional testimony from mother, father and mother's husband, Ernest Glenn.

Mother testified about expenses required for the children's care. Father testified about clothing, medical care and activities he made available. Mr. Glenn was asked about the size of his and mother's household—he has two children living there—and about family activities in which they participated.

The trial court ordered father to pay child support in the amount of $361 per month based on Missouri child support guidelines. The trial court found that mother's average monthly gross income was $893 and father's average monthly gross income was $1,059. It mistakenly calculated the combined monthly adjusted gross income as $2,052—the sum should have been $1,952.

Based on $2,052 combined monthly adjusted gross income, the trial court found that "[t]he child support obligation from the guidelines" was $504 per month.[1] Work-related child care costs of $140 were added to that amount. The "combined child support costs" were $644. Forty-four percent of that amount, or $283, was allocated to mother as custodial parent. Fifty-six percent, or $361, was allocated to father.

*Father's Appeal—No. 19559*

Father presents two points on appeal, both directed to the amount of child support he was ordered to pay. He contends by his first point that the trial court erred in determining the amount of child support to be paid because it did not consider the income of mother's husband, Ernest Glenn, as an available financial resource. He bases the argument that Mr. Glenn's income should have been included as an available resource on § 452.370.[2] The applicable provisions of the statute state:

1. ... [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continu-

---

1. The trial court apparently interpolated the amounts shown on the schedule for child support for two children using combined monthly incomes of $2,000 and $2,100. The basic obligation for a monthly combined income of $2,000 is $494. The basic obligation for a monthly combined income of $2,100 is $513, a difference of $19. Fifty-two percent (based on a monthly combined income of $2,052) of the difference is $9.88, rounded to $10. The presumed amount for a monthly combined income of $2,000, i.e., $494 plus the $10 increment, is $504, the amount the trial court used in its calculation. The Form 14 and the tables the trial court used in the calculation were those in effect at the time of the original modification hearing.

2. References to statutes are to RSMo Supp.1991, unless stated otherwise.

ing as to make the terms unreasonable. *In a proceeding for modification of any child support award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits....* If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable. [Emphasis added.]

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

■ The provision in § 452.370 on which father relies is not applicable to this case. It permits living expenses contributed by a spouse of a party to a modification proceeding to be considered in ascertaining if a substantial change in circumstances has occurred. It does not, however, require the contribution to be included in income for purposes of calculating presumed child support. "[N]o court shall consider the income of a stepparent, or the amount actually provided for a stepchild by a stepparent, in determining the amount of child support to be paid by a natural or adoptive parent." § 453.400, RSMo 1986. *See also In re Marriage of B.,* 619 S.W.2d 91, 93–94 (Mo.App. 1981). Father's Point I is denied.

■ Father's second point is directed to the trial court's mathematical error in calculating the parties' combined monthly gross income. As previously discussed, using the amounts the trial court identified as monthly gross income of each party, $893 for mother

and $1,059 for father, the correct combined amount is $1,952 rather than $2,052. Following the method of computation the trial court used, combined child support costs were $625. Mother's child support obligation is $287. Father's is $338. Father's Point II is well-taken. The amount of child support the trial court ordered father to pay should be modified.

### Mother's Appeal—No. 19596

Mother presents two points. The first is directed to the trial court's failure to apportion the premiums she pays for medical insurance for the children. The second is directed to the trial court's deduction of certain business expenses from father's income from his janitorial business.

The separation agreement the parties entered into at the time of the dissolution of their marriage requires mother to "maintain a major medical insurance policy" for the children. It provides that she is "responsible for the deductible not paid by said insurance." Mother contends the trial court's failure to apportion the premiums for the children's medical insurance between the parties was error.

■ Section 452.353.10 [3] required the court to consider a duty to maintain health insurance coverage in determining the amount of child support to be paid, but it did not mandate a particular result. *King v. King,* 865 S.W.2d 403, 405 (Mo.App.1993). The trial court's "Judgment After Remand" recites that the court considered "the needs and expenses of the children and the health insurance cost of coverage for the children." This court finds no abuse of discretion. Mother's first point is denied.

■ Mother's second point claims the trial court erred in determining the amount of net business income includable in father's gross income. There was evidence that father's janitorial business grossed $11,441. Father contended that his net income from the business, after deducting operating expenses,

**3.** § 452.353 was repealed in 1993. A provision similar to § 452.353.10 is found in § 454.603.6, RSMo 1994.

was \$3,040. The trial court concluded that \$500 depreciation expense and \$599 interest expense attributable to personal use of a motor vehicle should be added to the net income the janitorial business produced. It calculated father's net income from the business to be \$4,139.

Mother argues that the trial court "did not go far enough" in disallowing business expenses. She disagrees with the trial court's determination of the amount of ordinary and necessary business expenses father's business sustained. The trial court, however, had the prerogative of believing father's testimony as to the amount of business expenses he incurred. It was in a superior position to evaluate intangibles that a transcript cannot reveal. *Riaz v. Riaz*, 789 S.W.2d 224, 225 (Mo.App.1990). Mother's second point is denied.

### Disposition

The trial court's "Judgment After Remand" is modified in the following respects: (1) the total combined adjusted gross income is \$1,952; (2) the child support obligation from the guidelines is \$485; (3) the combined child support costs are \$625; (4) mother's proportional share is 46%; (5) father's proportional share is 54%; (6) mother's child support obligation under the guidelines is \$287 per month; (7) father's child support obligation under the guidelines is \$338 per month; (8) father shall pay to mother child support for the two minor children in the amount of \$338 per month retroactive to June 1, 1992. The judgment, as modified, is affirmed.

PREWITT and CROW, JJ., concur.