Glenda CASSIDY, Petitioner/Respondent,

v.

Michael CASSIDY, Respondent/Appellant.

No. 70541.

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1997.

John P. Heisserer, Dickerson, Rice, Spaeth, Heisserer & Summers, L.C., Cape Girardeau, for appellant.

Francis J. Siebert, Siebert & Gowen, Scott City, for respondent.

REINHARD, Judge.

Father appeals from the judgment modifying the child custody and support provisions of a decree of dissolution. We reverse and remand.

Dissolution of the marriage of mother and father occurred on December 3, 1991. The court awarded primary physical custody of Angela Jean Cassidy to mother and ordered father to pay child support. Following a hearing held on March 11, 1996, the court modified the dissolution decree and awarded primary physical custody of Angela to father. The court also addressed the issue of child support: "The Court specifically orders that no child support be paid by [mother] to [father]."

■ On appeal, father asserts the trial court's order regarding child support was erroneous because the court did not find that the Form 14 amount was unjust or inappropriate.

■ Rule 88.01 creates a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is proper. If the court does not award child support pursuant to Form 14, then the court must make a finding that the Form 14 amount is unjust or inappropriate after considering all relevant factors. *Buckman v. Buckman*, 857 S.W.2d 313, 317 (Mo.App. E.D.1993).

Mother concedes the trial court's child support order is ineffective without such a finding. Thus, we reverse and remand the case to the trial court to either award child support pursuant to Form 14 or to make the necessary findings that the Form 14 amount is unjust or inappropriate after consideration of all relevant factors. *See Neal v. Neal*, 941 S.W.2d 501 (Mo. banc 1997).

Reversed and remanded.

DOWD, P.J., and GARY M. GAERTNER, J., concur.