**In re the Marriage of Janice Mae WEISS, Respondent,**

v.

**Harold Wayne WEISS, Appellant.**

No. 70560.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 19, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1997.

Application to Transfer Denied Nov. 25, 1997.

Robin Edward Fulton, Fredericktown, for appellant.

Gary G. Matheny, Farmington, for respondent.

CRAHAN, Chief Judge.

Husband appeals the judgment and decree of dissolution of the parties' marriage. On appeal, Husband challenges the award of primary custody of the parties' children to Wife, various aspects of the child support award, one condition placed on a property equalization payment from Wife to Husband, the award of maintenance and the requirement that he pay a portion of Wife's attorney's fees. We reverse the judgment insofar as it requires Husband to name his children as beneficiaries of his life insurance policies. We remand for reconsideration the provision of the judgment requiring Husband to pay one-half of the children's medical expenses. We further direct the trial court on remand to divide the two bank accounts apparently omitted from the decree. In all other respects, the judgment is affirmed.

Husband and Wife were married on April 16, 1976. Two children were born during the marriage, Marissa, born September 12, 1978, and Harold, born May 22, 1982.

Throughout the marriage, Husband was employed more or less steadily by Chrysler. In 1992, after a temporary layoff, Husband moved to Indiana to return to work for Chrysler. While working in Indiana, Husband returned home every weekend. On May 3, 1993, Wife filed a Petition for Dissolution of Marriage in the Circuit Court of St. Francois County. On September 13, 1993, the trial court entered a PDL order ordering Husband to continue to pay all the household expenses, including mortgage, utilities, groceries, and marital debts as well as $40.00/week while he was away. The court also appointed a guardian ad litem ("GAL") to represent the best interests of the children.

On April 5, 1994, Chrysler transferred Husband back to Missouri. On April 28, 1994, Wife filed a motion and affidavit for temporary injunction and restraining order against Husband, which was granted. On May 6, 1994, the court entered a permanent order removing Husband from the marital home.

The case was tried on January 5, 1995, and due to scheduling difficulties, was concluded on May 22, 1995. The parties and both children testified. Wife also introduced the deposition testimony of her psychologist, who opined that she was suited to be the primary custodian of the children. Wife's mother and sister also testified in her behalf.

In its judgment and decree of dissolution, the trial court awarded primary custody of the children to Wife and ordered Husband to make child support payments calculated pursuant to Rule 88.01 and Form 14. Husband was also ordered to pay one-half of the children's medical expenses not covered by insurance and to name them as his beneficiaries on his life insurance policies. Wife was awarded maintenance of $300.00 per month and Husband was ordered to pay a portion of Wife's attorney's fees. The marital home was awarded to Wife. To offset the value of the marital home, Wife was ordered to make a property equalization payment to Husband to be paid 60 days after entry of the decree or, in the event of an appeal by Husband, 60 days after the appeal becomes final.

Our standard of review in this case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.*

In his first point, Husband claims the trial court erred in delaying Wife's property equalization payment until 60 days after the appeal becomes final. Husband claims that this improperly deprives him of interest during the pendency of the appeal. We disagree. By law, interest accrues at the statutory rate from the date of the judgment. Section 408.040 RSMo 1994;[1] *Reimers v. Frank B. Connet Lumber Co.*, 273 S.W.2d 348, 349 (Mo.1954). We find nothing in the decree which purports to relieve Wife of her obligation to pay interest on the property equalization payment from the date the judgment was entered. Point denied.

Husband next contends the trial court erred in ordering him to pay one-half of the children's medical expenses not covered by insurance without a finding that the child support amount calculated pursuant to the guidelines embodied in Rule 88.01 and Form 14 was "unjust or inappropriate." We agree. There is a rebuttable presumption that child support calculated in accordance with the guidelines set forth in Rule 88.01(e) and Form 14 is the correct amount. Section 452.340.8. To rebut that presumption and depart from the guidelines, the trial court must make a written finding or a specific finding on the record that, after considering all relevant factors including those set forth in section 452.340.1, application of the guidelines would be "unjust or inappropriate" in the particular case. *Id.* A provision calling for the payment of uninsured medical expenses constitutes the payment of child support. *Adelman v. Adelman*, 878 S.W.2d 871, 873 (Mo.App.1994). In this case, Husband

---

**1.** All statutory references are to RSMo 1994 unless otherwise indicated.

was ordered to make monthly child support payments calculated pursuant to Form 14. The additional requirement that Husband pay one-half of the children's uninsured medical expenses therefore increased Husband's child support obligation above the amount presumed to be correct. To effectuate such an order, the trial court was required to make a written finding or a finding on the record that the presumed child support amount is unjust or inappropriate. *Id.* As in *Adelman,* we remand this provision of the judgment for reconsideration. On remand, the trial court shall consider all relevant factors including those set forth in section 452.340.1 and either make an express finding that application of the guidelines would be "unjust or inappropriate" or delete the provision requiring Husband to pay one-half of the children's uninsured medical expenses.

■ In his third point, Husband claims the trial court erred in ordering him to name his children as beneficiaries of his life insurance policies. We agree. However reasonable it may be to expect a parent to provide for the support of his children in the event of his untimely demise, it is well established that a requirement to name children as beneficiaries of life insurance is not authorized under our dissolution act. *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 538–39 (Mo.App.1981); *Steffens v. Steffens,* 773 S.W.2d 875, 877 (Mo. App.1989). Accordingly, we reverse that provision of the judgment and direct that it be deleted on remand.

In his fourth point, Husband challenges the trial court's failure to create two trust accounts for the children and order Wife to deposit $1,000.00 into each account. Prior to separation, Husband and Wife maintained a joint bank account. In addition, Wife maintained a joint account with each of the two children which contained approximately $1,000.00 each. The decree awarded Wife "all funds contained within [her] checking account, at Mercantile Bank, which at the time of the parties separation was in the approximate amount of $1,200.00." It is unclear which prior account is the source of the money awarded to Wife in the decree. Wife admits that at the time of the separation she removed money from all three accounts.

She removed approximately $1,750.00 to $2,000 from the joint account she shared with Husband and she removed approximately $2,000.00 from the joint accounts she shared with the children. Wife claims that she and the children have been using the money withdrawn from her and Husband's joint account for living expenses and that the money removed from the children's accounts has not been spent. However, Wife also testified that the money removed from the children's accounts is in "an" account at Mercantile. Husband testified that the money removed from the children's accounts belongs to the children. Wife acknowledged that the money was for the children, but said it was not the children's alone, but was for both the children's education and for Wife's and children's living expenses.

■ Husband asserts the trial court erred in failing to order Wife to establish and fund with the withdrawn $2,000.00 two trust accounts for the children. We disagree. Bank accounts held by parties in custody for children are properly distributed as marital property absent evidence that the accounts were established as custodial accounts under the requirements of the Uniform Gift to Minors Act, section 404.047. *S.L.J. v. R.J.,* 778 S.W.2d 239, 245 (Mo.App.1989). No evidence was presented that the accounts conformed with section 404.047. Therefore, the money contained in the children's accounts was marital property subject to division. We can find no indication in the record, however, that the trial court made any specific disposition of these accounts. Accordingly, we direct that the trial court include a specific disposition of these items of marital property on remand.

■ In his fifth point, Husband challenges the award of primary physical custody of the children to Wife. In a case where the welfare and custody of a child are at issue, the *Murphy* standard is particularly strict; we should not exercise our power to set aside a judgment on the grounds that it is against the weight of the evidence unless we are firmly convinced that the welfare of the child requires another disposition. *M.P. v. S.P.,* 793 S.W.2d 510, 511 (Mo.App.1990). There is no absolute rule to follow when determining outcome of a custody case; each case must

be examined in light of its unique set of facts. *L.J.B. v. L.W.B.*, 921 S.W.2d 23, 26 (Mo.App. 1996). The trial court has broad discretion in making provisions for child custody and we will not interfere with the trial court's decree unless the welfare of the children compels such interference. *Id.* A determination of child custody is given greater deference than that given the trial court in any other type of case. *Id.* The issue of child custody is governed by section 452.375.2, which requires the court to determine custody "in accordance with the best interests of the child." The court is not bound by the opinion or recommendation of the GAL. *See In re Brooks*, 411 S.W.2d 276, 282 (Mo.App. 1967). Neither is the trial court required to accede to the child's wishes with respect to custody. *Breckner v. Coble*, 921 S.W.2d 624, 627 (Mo.App.1996). In considering a child's preference with respect to his or her custodian, that preference is followed only if the welfare and interest of the child, as determined by all the evidence, are consistent with that preference. *Id.*

Husband's argument merely restates facts presented to the trial court. Husband places considerable emphasis on the fact that both children expressed a desire to live with Husband rather than Wife and the GAL's recommendation that custody be awarded to Husband. Husband also emphasizes the difficulties Wife experienced in the past due to her depression. The trial court found that Wife's transitory depression related to the breakup of the marriage and that she can now care for the children in a satisfactory manner. The testimony of Wife's expert supports this conclusion. Overall, the facts do not weigh heavily in favor of either parent over the other. We hold that the award of custody to Wife is supported by substantial evidence and is not against the weight of the evidence or an abuse of the trial court's broad discretion. Point V is denied.

In his final two points, Husband argues that the trial court erred in awarding Wife $300.00 per month in maintenance and in ordering Husband to pay a portion of Wife's attorney fees. We have reviewed the briefs of that parties and record on appeal

and find no merit to either of these contentions. Extended discussion of these two points would have no precedential value. Points VI and VII are denied pursuant to Rule 84.16(b).

In summary, we reverse that portion of the decree which requires Husband to name his children as his life insurance beneficiaries. We reverse and remand for reconsideration the provision which requires Husband to pay one-half of the children's uninsured medical expenses. On remand, the trial court is further directed to make a specific disposition of the $2,000.00 in undivided marital property omitted from the decree. In all other respects, the judgment is affirmed.

GERALD M. SMITH, P.J., and GRIMM, J., concur.