In re the Marriage of Julie S. TRAUSCH–
AZAR,   Petitioner/Appellant–Cross–Re-
spondent,

v.

Harry Michael TRAUSCH,
Respondent/Respondent,
Cross–Appellant.

Nos. 73776, 74079 and 74185.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 29, 1998.

Jerry A. Klein, Clayton, for appellant.

H. Michael Trausch, Chesterfield, pro se.

KENT E. KAROHL, Judge.

Julie Trausch–Azar (Mother) appeals the modification of child support. Harry Michael Trausch (Father) cross-appeals the court's modifications of child custody and support. On Mother's appeal, we affirm in part and amend in part. On Father's appeal, we affirm in part and reverse in part.

The evidence supports finding the following facts. The parties were married for seven years. The decree dissolved the marriage on January 10, 1990. The trial court awarded joint legal custody of two children, now ten and twelve years old. It awarded primary physical custody to Mother, subject to rights of visitation and temporary custody to Father. The court awarded $80 per child per week as child support.[1] The court also ordered Father to pay 50% of non-reimbursed medical expenses, 50% of school tuition from elementary through post-graduate school, and his proportionate share of daycare based on Father's ratio of gross income compared to Mother's gross income.

---

1. Missouri Supreme Court Rule 88.01, Form No. 14 was not in effect.

The parties' separation agreement was incorporated into the divorce decree. It allowed Father temporary custody: (1) on a two week cycle; the first week, he had the children on Tuesdays and Thursdays from 4:30 p.m. to 8:30 p.m., and in the second week, he had them from 4:30 p.m. Tuesday overnight until Wednesday morning; (2) Fridays from 4:30 p.m. until Sunday at 8:30 p.m.; and, (3) two weekends each month, plus holidays, birthdays and other special days that were alternated with Mother. After the dissolution, the parties found this arrangement shuffled the boys around four times per week. They orally agreed to change Father's temporary visitation time. They did not reduce or increase his time, but simply made it so the boys did not go between households as much. This took place in 1991 or 1992.

On August 5, 1996, Mother filed a motion to modify the dissolution decree and to reduce the reimbursable expenses to a sum certain. She also sought a change in Father's temporary custody rights[2], an increase in child support, retroactive to the motion's filing, reimbursement of medical expenses incurred for the minor children not covered through insurance, tuition and daycare expenses, and attorney's fees.

Father filed a counter-motion to modify the dissolution decree. He sought primary legal and physical custody, an order to terminate his duty to pay daycare costs and attorney's fees. He also filed a motion for contempt alleging Mother failed to mediate disputes pursuant to the dissolution decree.

The trial court appointed a guardian ad litem (GAL) for the children. Thereafter, it approved an order of temporary custody *pendente lite* prepared by the parties, their attorneys and the GAL. The arrangement provided that every two weeks the children were with Mother for five days, Father for two days, Mother for three days and then Father for four days. Father had custody approximately twelve days per month.

On November 14, 1997 the trial court modified the dissolution decree and ruled that the order of custody *pendente lite* should contin-

ue for the best interests of the children. Further, pursuant to *Echele v. Echele*, 782 S.W.2d 430 (Mo.App.1989), it ordered the parties to contribute to college expenses equally. It ordered Father to increase his child support payments to a total of $696 per month, retroactive to December 15, 1996.

The court incorporated its own Form 14 into the decree. It determined the child support sum, departing from the authorized child support guidelines. It found the presumed child support in the guidelines unjust and inappropriate in this circumstance because of Father's additional custody. It found Father's support obligation to be $1020, less $38 for health costs, which resulted in $928 [correct amount is $982] for his presumed child support, and issued Father a credit of 25% for additional temporary custody, which reduced his monthly support to $696 [correct amount is $736.50]. The court also entered judgment for Mother against Father for $1654 non-reimbursed medical expenses, $3996 for summer camp/daycare and $1985 for private school, and denied all other relief requested by either party.

Mother filed a motion to amend the judgment for two reasons. First, she argued the trial court made a mathematical error when it subtracted $38 from $1020 and found $928 and not $982. Second, the correct child support assuming Father's 25% credit should be $736.50 per month and not $696 per month. Mother suggested the court correct the errors *nunc pro tunc*. Father also filed a motion to amend the judgment.

On December 30, 1997 the court entered its judgment overruling both motions to amend judgment. Mother filed her timely notice of appeal. Father was granted leave of court to file his notice of appeal. Thereafter, Mother filed a motion to dismiss Father's appeal because he failed to comply with Rules 84.04(d) and 84.04(e). We find no violation. The points are sufficient to notify Mother of the precise issues that must be contended with and answered.

The threshold issue is Mother's contention that the court abused its discretion when it deviated from the presumed child support as

2. Mother sought to reduce the oral agreement, made in 1991 or 1992, to writing.

set forth in Rule 88.01, Form 14.[3] Moreover, she argues that even if the court's deviation was justified, a 25% credit for Father's additional custody of the children is error because Mother's expenses did not decrease and she did not experience a savings when Father had custody. She also argues that the court erred mathematically in its calculations on Form 14.

■ Missouri has adopted specific child support guidelines. Pursuant to section 452.370.1 RSMo Cum.Supp.1997, modification of support requires "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Additionally, child support is based on need and ability to pay. Therefore, the court, in determining whether a substantial change in circumstances has occurred, must consider the financial resources of both parties.

■ We review pursuant to Rule 73.01(c)[4] . We will affirm a ruling on a motion to modify unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Halliday v. Boland,* 813 S.W.2d 34, 36 (Mo.App.1991). We accept all reasonable inferences and evidence favorable to the order and disregard all contrary inferences. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ At trial, Mother testified that since the child support amount set forth in the original decree of dissolution, the two children have become involved in numerous activities. There are also additional expenses. Food and clothing expenses have increased. Father testified he provides some clothes and sporting equipment. Both parents have remarried. Their annual salaries have increased, and Mother has an additional child. Moreover, both parties alleged and admit a substantial and continuing change in circumstances since the original divorce decree. We affirm the trial court's conclusion that the evidence supports the required finding of a change in circumstance.

Next, we determine if the court abused its discretion when it deviated from the presumed child support as set forth in Rule 88.01, Form 14. We give great deference to the trial court and will only reverse if the ruling is "clearly against the logic of the circumstances then before the court." *Webster v. Lehndorff Geneva,* 744 S.W.2d 801, 804 (Mo. banc 1988).

■ Rule 88.01 and section 452.340 RSMo 1994 govern the award of child support. The trial court may calculate child support using Form 14, which creates a rebuttable presumption of the correct amount to be awarded. *Elliott v. Elliott,* 920 S.W.2d 570, 574 (Mo.App. W.D.1996). Once calculated, the trial court must consider all relevant factors to determine if the presumed child support amount is unjust or inappropriate. *Id.* at 575. If the court so finds, it may deviate from the presumed amount. *Id.* However, "[t]he burden is on the party seeking to rebut the Form 14 amount to show that it is unjust or inappropriate." *Id.* Rule 88.01, Form 14, Comment for Use (D) states, in pertinent part:

[A] deviation from the presumed child support amount may be appropriate when an award of custody, including, but not limited to, an award of joint physical custody, results in the child or children spending substantially equal time with both parents. No specific amount of time is required for a deviation to be appropriate ... The court may consider that substantial time with both parents will not necessarily reduce certain child rearing costs of the parent entitled to support ... [R]ather, the expenditure of substantial time with both parents is merely a factor for the court to consider in determining whether the presumed child support amount is unjust or inappropriate.

■ The trial court calculated its own Form 14 and found the child support amount to be unjust and inappropriate in this circumstance. As modified, the custody provisions will give the parties custody of the children

---

**3.** A new Form 14 became effective on October 1, 1998. However, we do not apply it here, since any proceeding in which the order or judgment was entered before October 1, 1998 is excluded.

**4.** Rule references are to Missouri Court Rules (1998).

on a substantially equal basis. Thus, there is support for finding that Father will have increased expenses because of his additional custody. There was also evidence that Mother will have additional expenses for the children as they grow older. The trial court found a deviation appropriate. We find no error.

Finally, the finding of a 25% credit for Father's additional custody is supported by the evidence. We give due deference to the opportunity of the trial judge to have judged the credibility of the witnesses. Rule 73.01(c). The original decree gave Father approximately 76.5 hours of custody every two weeks. The order of custody *pendente lite* entered in April 1997, and presently continuing, has nearly doubled Father's custody. The modified custody of the children will be for approximately 144 hours every two weeks. The modified custody, currently practiced and so practiced since 1997, has custody split at 57–43% in Mother's favor. The 1990 dissolution decree divided the custody approximately 77–23% in Mother's favor. At least a 20% increase in Father's custody has occurred since the original decree. Point denied.

Mother's second point asserts the trial court made a mathematical error in its Form 14 calculations. We can dispose of Point II, unless justice otherwise requires. Rule 84.14. It does not. We need not remand this issue to the trial court for recalculation and correction when we can correct the calculation based on the findings of the trial court. *Elliott*, 920 S.W.2d at 579; *Francis v. Glenn*, 903 S.W.2d 222, 224 (Mo.App. S.D. 1995). The trial court mechanically appears to have considered the evidence and we express no view on the merits based on that evidence.

The trial court found Father's obligation, based on its Form 14 calculation, was $1020 per month for support of the two children. It then subtracted $38 per month for Father's payment of the children's health insurance. According to the court's calculations, this resulted in Father's obligation of $928. However, based on the findings of the trial court, and with correct calculation, we find

the result is $982. The judgment is amended to $982.

The error in this calculation caused other errors in the final calculation of Father's child support obligation. The trial court held that Father was entitled to a 25% credit for his additional custody. Therefore, we apply this credit towards the $982 obligation. The correct result is $736.50 per month, not $696 per month that the trial court found. The error was strictly mathematical, and, therefore we amend the judgment of the trial court to reflect the correct calculations.

Father presents five points on cross-appeal. First, he claims trial court error because the credit for his additional custody was not sufficient to reflect the increase in his custody. He argues the court should have found an 88% credit since that is the amount his custody actually increased from the time the original decree was entered. Next, Father claims that the court erred when it found that he owes Mother for unreimbursed medical expenses because the court failed to consider his payments of such expenses which were not reimbursed to him. In his third point, he claims the court erred when it ordered him to pay $3996 to Mother for daycare expenses, because the court failed to calculate his expenses and offset them against those Mother claimed. Fourth, he argues the trial court erred when it awarded Mother $1985 for educational expenses because they included expenses for which he was not responsible. Finally, Father argues the trial court erred when it failed to incorporate the GAL's recommendation of joint physical custody.

We do not consider Father's first point on appeal. Although originally argued in his appeal to this court, Father has since withdrawn his request for a finding that the trial court erred when it awarded him a 25% credit for additional custody, instead of 88% that he originally claimed. Moreover, he agrees with the decision of the trial court to award a 25% credit against his child support obligation.

In his second point, Father claims the trial court erred when it ordered him to pay $1654 to Mother for unreimbursed medical expenses for the children. Father's argu-

ment is two-part. First, his Point II argues the court erred because Father has actually incurred more out-of-pocket costs for medical expenses than Mother; therefore, his expenses should be offset. Additionally, he argues Mother owes him a net of $69 because he has paid more medical bills than she paid. Second, the court erred when it awarded Mother $1654 (100%) for unreimbursed medical expenses since she only requested 50% and the dissolution decree also awarded 50%.

Mother and Father have agreed we should reverse and remand on this point. She requested and was entitled to only 50% of the unreimbursed medical expenses. Mother claimed $1654.12 in unreimbursed medical expenses. Mother was not entitled to a judgment for the full amount. We reverse and remand to permit reconsideration of both parties' claims for reimbursement of medical expenses.

It is necessary to reconsider the claims, where there is evidence that both Mother and Father contributed payments for such expenses. There is evidence to support a finding that she paid $1654. However, there is some evidence to support a finding that he incurred and paid more expenses. Thus, we remand to reconsider: (1) her claim for 50% of payments; and, (2) his claim of offsetting his out-of-pocket expenditures and for 50% of payments in excess of her expenditures.

■ In his third point, Father contends that the trial court erred when it awarded Mother $3996 for unreimbursed summer camp/daycare expenses. Pursuant to paragraph 11 of the decree of dissolution: "[husband] agrees to pay his proportionate share of the actual cost of daycare for the minor children of the marriage." Based upon a ratio of Father's gross income to Mother's gross income, Father's proportionate share is 63% of the cost. He does not dispute this percentage.

Mother testified that Father has not paid daycare/summer camp expenses since the boys were five years old. The boys are now ages ten and twelve. She presented a total expense sheet for $6343.60, which she supported with cancelled checks. Father admitted to paying "[n]othing directly" to Mother since "[a]fter they started grade school."

We find there is evidence to support the finding that Father owes Mother $3996 for daycare/summer camp expenses. Point denied.

■ Father's fourth point argues the trial court erred when it awarded Mother $1985 for private school education costs. The court determined this amount by dividing $3970 equally. However, Father contends that $3970 included $2200 for public school tuition paid by Mother for one of the children's registration for kindergarten at a public Parkway school. Father requested enrollment in the Rockwood School District that was free of charge and had a gifted child program beginning in grade one. The second child attended a parochial school.

Mother is entitled to 50% reimbursement of the private school tuition, pursuant to the divorce decree. Paragraph 10 of the parties' Separation Agreement provides:

> It is anticipated that HUSBAND will pay one-half tuition, room and board expenses of any private elementary, secondary, college preparatory and college education, to include completion of graduate school, including medical or law school or any post graduate program for each of the minor children.

This provision was incorporated into the decree of dissolution. Mother testified she paid $1350 private school tuition for one child and $2200 public school tuition for the other. She also paid $111 per year for three years, and an additional $87 for one year, for the Parish School of Religion. Father only disputes the claim for one half of public school tuition.

Pursuant to the 1990 decree of dissolution, Father is responsible for one-half of the private school tuition. The decree does not provide that Father is also responsible for one-half of the public school tuition. Therefore, the $2200 paid to a public school was improperly included in the total tuition. The finding of the trial court is not supported by the evidence. The evidence will not support finding a response to his position he was not consulted about the decision to incur public school tuition and the benefits, if any, for enrollment in a public school which charged

tuition. Father only owes 50% of the sums paid by Mother for private school tuition. Accordingly, we reverse and remand for an amended award.

In his final point, Father argues the trial court erred when it failed to incorporate the custody provisions recommended by the GAL. Father alleges that all parties found joint physical custody of the two children acceptable. In fact, Mother, Father and the GAL all testified that no harm would be caused to the children if they spent half their time with Mother and half of their time with Father.

We review Father's claim under Rule 73.01(c) as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing modifications of child custody, we will affirm the judgment of the trial court unless there is insufficient evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Guier v. Guier*, 918 S.W.2d 940, 946 (Mo.App. W.D.1996). We will not overturn the modification unless the appellant demonstrates that it is not in the best interests of the children. *In re Larkins*, 921 S.W.2d 152, 153 (Mo.App. E.D.1996). The trial court is in the best position to determine the credibility of the witnesses and the testimony offered. During two days of trial, it heard substantial testimony from all parties. However, it found the custody arrangements in the *pendente lite* order, entered in April 1997, should be continued because they were in accord with the best interests of the children. Mother and Father testified that there were no problems with the custody arrangement. Moreover, Father did not offer evidence to support a contrary finding. The custody provisions are supported by substantial evidence and are not against the weight of the evidence. They do not erroneously declare or apply the law. Point denied.

The motions to dismiss appeal and strike exhibits are denied. The judgment of the trial court is affirmed in part, amended in part, and reversed in part. The provisions for child support are affirmed, except that we amend the amount to reflect the correct result based on the findings of the trial court. The issue of unreimbursed medical expenses is reversed, by agreement of the parties, for reconsideration of both parties' claims. The provisions of the daycare and summer camp expenses are affirmed. We reverse on the issue of school tuition. Finally, the provisions for custody are affirmed. Accordingly, the cause is remanded for decision consistent with this opinion.

ROBERT G. DOWD, Jr., C.J. and ROBERT E. CRIST, Senior Judge, concur.