**Marie Louise STEGMAN,
Petitioner–Appellant,**

v.

**Jeffrey David STEGMAN, Respondent–
Respondent.**

No. 74272.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 18, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Lawrence G. Gillespie, Kirkwood, for appellant.

Maia Brodie and Aimee Ruder, St. Louis, for respondent.

KAROHL, Judge.

Marie Stegman (Mother) appeals from the child support provisions in a decree of dissolution. She claims the trial court erred and abused its discretion in its order of child support, which deviated from the Form 14 in effect at the time of the decree.

The trial court instead applied the proposed Form 14 the Supreme Court adopted on March 2, 1998 and subsequently vacated on March 31, 1998.[1] We affirm.

The evidence supports finding the following facts. On March 11, 1998, the court dissolved the parties' seventeen-year marriage. They have two children: a son, who is now eighteen years old; and a daughter, who is now eleven years old. The trial court awarded joint legal custody of the children. It gave Mother primary physical custody, subject to Father's rights of visitation and temporary custody. The days of temporary custody when the children would stay overnight would be at least 95 per year. The court ordered Father to pay Mother $819.62 per month child support.

In determining the amount of child support, the court prepared four different Form 14 calculations. The first two utilized the Form 14 in effect at the time of the trial. They involved calculations for two children and for one child. The child support for two children would be $1210.47 per month. The third and fourth calculations, under the proposed new Form 14, were for two children and one child, respectively. Under the proposed Form 14, child support would be $819.62 per month for two children because Father would receive a credit of (1) $300 per month for "additional child rearing costs," and (2) $266.80 per month for expenses he would directly pay during periods of temporary custody, calculated by multiplying a fixed 20% by the basic child support amount. The court found the Form 14 in effect at the time of the decree to be unjust or inappropriate. It observed the proposed Form 14 would be effective less than a month after the trial. It reasoned the use of the soon to expire, existing Form 14, would cause one party to seek a modification of the child support.

On April 2, 1998, Mother filed a motion to amend the judgment and decree of dissolution in an effort to have the court set

1. The Form 14, which the court used, was    published in 958–960 S.W.2d LVII et seq.

aside the ordered amount of child support. The trial court overruled Mother's motion. This appeal followed.

In reviewing a decree of dissolution, we will affirm the judgment of the trial court "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Bullard v. Briem*, 969 S.W.2d 880, 882 (Mo.App. E.D. 1998); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will not disturb the award of child support unless the evidence is palpably insufficient to support it. *Bullard*, 969 S.W.2d at 883.

In her sole point on appeal, Mother argues the trial court erred and abused its discretion in deviating from the Form 14 in effect at the time of the decree and in following a proposed Form 14 which was to be effective approximately one month after the hearing. The proposed Form 14 was subsequently vacated by the Supreme Court.

Rule 88.01 and section 452.340 RSMo Cum.Supp.1997 provide specific guidelines for awarding child support. The underlayment of the guidelines is a consideration of the relationship of ability to pay and need. When the trial court calculates child support according to the guidelines set forth in Rule 88.01 and Form 14, there is a rebuttable presumption that this amount is correct. *Weiss v. Weiss*, 954 S.W.2d 456, 458 (Mo.App. E.D. 1997); *Cassidy v. Cassidy*, 943 S.W.2d 325, 326 (Mo.App. E.D.1997). The trial court may reject the presumption and deviate from the guidelines. *Weiss*, 954 S.W.2d at 458. If it deviates from the presumed amount of child support, it must expressly find the Form 14 amount is unjust or inappropriate. *Id.* Our Supreme Court has determined that to effectively comply with Rule 88.01, the trial court must: (1) calculate and find for the record the presumed child support amount utilizing Form 14; and (2) "make a proper record with respect to why the presumed correct child support amount should be rebutted." *Neal v. Neal*, 941 S.W.2d 501, 504 (Mo. banc 1997).

Here, the trial court attached copies of a completed Form 14 that was then in effect to the March 11, 1998 decree. It found this amount to be unjust or inappropriate. It also attached a copy of the child support amount calculated pursuant to the new Form 14, which was to be effective on April 1, 1998. The judge explained his reason:

> ... I intend to utilize the new Form 14. The reason for that is ... I can't see entering a decree today that would then be perhaps modifiable a month down the road if there'd be changed circumstances. So even though I'll probably be entering the decree before April 1 st, I'm going to be applying the new guidelines.

The difference between the two forms is that in the Form 14 the judge applied, Father was given credit of (1) $300 for soccer expenses the parties agreed and the court ordered him to pay, and (2) $266.80 for sums paid as direct support for the time he had temporary custody of the children. The stated reason for deviation, after a finding of "unjust and inappropriate," is supported by logic and experience.

We hold the court did not err. There is no dispute regarding the parties' income, the proportionate share of their monthly gross income, the total for basic child support, and the extraordinary expenses, which included private school charges and soccer expenses for the son. These amounts would be the same utilizing either Form 14. The first deviation, crediting Father's monthly payment by $300 for soccer expenses, was the amount Mother agreed he could directly pay for their son's soccer activities. This credit cannot be found erroneous. The court merely adopted the agreement of the parties and granted the resulting credit.

The only other deviation was to grant Father an adjustment for his direct support expenses during periods of over night temporary custody. The court followed the proposed Form 14 and adjusted 20% of the "basic child support amount."[2] The 20% deviation would adjust for 73 days (365 × 20% = 73) of overnight temporary custody. The formula the court used in defining temporary custody granted Father no less than 95 days each year[3]. The underlying basis for an award of child support is need and the ability to pay. *Trausch–Azar v. Trausch*, 983 S.W.2d 199, 202 (Mo.App. E.D.1998). In *Trausch*, we recognized that the court may consider substantial time spent with both parents in determining whether the presumed child support is unjust or in appropriate. *Id.* at 202 *citing* Rule 88.01, Form 14, Comment for Use (D). The deviation was supported by the evidence and the terms of the decree. We find that the child support award of $819.62 per month was supported by the evidence and not an abuse of discretion.

We affirm.

ROBERT G. DOWD, Jr., C.J. and ROBERT B. CRIST, Senior Judge, concur.

---

2. After withdrawing the proposed Form 14, the Supreme Court adopted the present Form 14 which allows the trial court to determine the percent to conform with the evidence.

3. An exact number of days the children are with the Father cannot be calculated due to holidays falling on varying days each calendar year. Father does not dispute the number of days he has temporary custody of the children.