**Ellen ROMKEMA,**
Petitioner/Respondent/Cross–Appellant,

v.

**George E. ROMKEMA,**
Respondent/Appellant/Cross–Respondent.

Nos. 67658, 67693.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1996.

Richard M. Marshall, St. Louis, for George Romkema.

Charles R. Schroeder, St. Peters, for Ellen Romkema.

RHODES RUSSELL, Judge.

This is an appeal from the entry of a decree of dissolution. George Romkema ("Husband") appeals the provisions of the decree ordering him to pay for any uninsured medical expenses exceeding $500.00 per month and a combined child support and maintenance award in the amount of $6,420.00 per month. Ellen Romkema ("Wife") cross-appeals claiming the trial court erred in not awarding her attorney fees and in valuing a joint bank account at Roosevelt Bank.

## FACTS

The parties were married on April 11, 1987. One child was born of the marriage. The child was five years old at the time of the decree and suffers from severe behavioral and psychological problems, including attention deficit hyperactivity disorder and oppositional defiant disorder, requiring treatment and special schooling.

Husband was an anesthesiologist with South County Anesthesia Associates. At the time of trial Husband was earning $27,083.00 in gross monthly income. Wife had a bachelor's degree in molecular biology and a master's degree in business health care and was a registered nurse. Wife held steady employment before the minor child was born

and tried to work during the child's early years, however, due to the son's severe psychological and behavioral problems, Husband and Wife decided it best Wife not work. At the time of the trial Wife was not working outside of the home, but expressed a desire to someday return to the work force if she could.

The parties experienced some marital problems and eventually separated in May 1993. On May 11, 1993, Wife filed the petition for dissolution. The trial court issued a pendente lite order on September 13, 1993, awarding Wife temporary custody of the minor son. Husband was ordered to pay temporary support of $1,000.00 per month child support, $3,000.00 per month maintenance, $3,000.00 in attorney fees, and $1,000.00 in litigation expenses.

On August 29, 1994, the parties entered into a stipulation as to custody and visitation, agreeing to joint legal custody of the minor son, with Wife having primary physical custody subject to specific temporary custody and visitation rights in Husband.

On October 13, 1994, the court entered a decree of dissolution, dissolving the parties' marriage and incorporating the parties' previously entered stipulation as to custody and visitation. The decree awarded Wife $2,920.00 per month in child support and $3,500.00 per month as and for periodic maintenance. Husband was ordered to maintain medical and hospitalization insurance for the minor son and to pay "[a]ny medical expenses not covered by said insurance which exceed $500.00 in any month," plus any dental expenses incurred. The specific distribution of property awarded to each party is not in contention on appeal, therefore, a full recitation is unnecessary. Husband filed a motion to amend the decree. The court entered an amended decree on December 16, 1994.[1] This appeal followed.

## STANDARD OF REVIEW

Our review is governed by Rule 73.01(c) as interpreted in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will not disturb the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We are to defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the decree and disregarding all contrary evidence and inferences. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991). The party challenging the decree bears the burden to demonstrate trial court error. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981).

## HUSBAND'S APPEAL

On appeal Husband has presented four points of error. However, during oral argument Husband's counsel voiced his intent to abandon the third issue challenging the enforceability of the term "medical expenses," as contained in the decree, in light of the recent Missouri Supreme Court opinion in *Lay v. Lay*, 912 S.W.2d 466 (Mo. banc 1995), and the companion case, *Krane v. Krane*, 912 S.W.2d 473 (Mo. banc 1995). In those two cases the Supreme Court held the term "medical expenses" implies sufficient limiting criteria and ruled that such a provision within a decree is valid and enforceable. *Lay*, 912 S.W.2d at 468–70; *Krane*, 912 S.W.2d at 475–76. That point is disregarded.

An agreement between counsel was also made at the time of oral argument to dispose of points one and two. In point one Husband contends the trial court erred in ordering him to pay any uninsured medical expenses that exceed $500.00 per month because such payments constitute additional child support in excess of the Form 14 presumptive amount. Husband argues the court's award was made without the requisite findings in accordance with § 452.340.8 RSMo 1994 and Rule 88.01(e).[2]

---

1. Pursuant to Husband's motion, the decree was amended only with respect to the award of two bank accounts, awarding the balances of the two accounts to Husband as his separate property, rather than dividing them equally as marital property. The decree was left undisturbed in all other respects.

2. All statutory references hereinafter cited are to RSMo 1994 unless otherwise noted.

The court's decree contained the following provisions:

14. Husband is ordered to pay Wife as and for the support of the minor child the sum of $2,920.00 per month. Child support amount was determined in accordance with authorized support guidelines.

15. Husband shall provide and maintain medical and hospitalization insurance on the minor child as is available and currently maintained through his employment. Any medical expenses not covered by said insurance which exceed $500.00 in any month shall be paid by Husband. The minor child's dental expenses shall be paid by Husband.

■ The amount calculated pursuant to Form 14 is presumed to be the amount of child support to be awarded, and any award that deviates from that presumed amount must be supported by a specific finding on the record that the amount so calculated is unjust or inappropriate. § 452.340.8 & Rule 88.01(e). *See also Rich v. Rich*, 871 S.W.2d 618, 626 (Mo.App.1994). The trial court in the decree before us made no such determination expressly.

■ This court has before recognized that a provision in a dissolution decree requiring payment of uninsured medical expenses constitutes payment of child support. *Adelman v. Adelman*, 878 S.W.2d 871, 873 (Mo.App. 1994). Ordering the payment of uninsured medical expenses, therefore, must be accompanied by an express finding that the calculation under Form 14 is unjust or inappropriate if the result of such an award would exceed the presumptive amount under § 452.340 and Rule 88.01(e). *Adelman*, 878 S.W.2d at 873; *McElroy v. McElroy*, 910 S.W.2d 798, 804–05 (Mo.App.1995).

Counsel for both parties concede such a finding should have been included in the decree and are in agreement in requesting this court modify the decree to so reflect rather than order the cause be remanded. Pursuant to our authority under Rule 84.14, in the interest of judicial expediency and putting to rest this matter, we accept the parties' request and modify the decree to reflect the parties' wishes and the court's implicit finding that the amount of child support under Form 14 would be unjust and inappropriate under these facts.

Furthermore, the parties at oral argument agreed to resolve Husband's second point which contested the inclusion in the court's Form 14 presumed amount of $500.00 per month in uninsured extraordinary medical expenses. The Form 14 amount, as prepared by the trial court, contained the charted child support of $1,420.00,[3] uninsured extraordinary medical expenses of $500.00, and extraordinary expenses of $1,000.00 (specifically for tuition at Miriam School). Husband only challenges the $500.00 monthly award for extraordinary medical expenses and, in that regard, only questions the method of payment. Rather than ordering Husband to pay Wife $500.00 per month, Husband's counsel offers to pay for all of son's uninsured medical expenses. Wife's counsel at oral argument agreed. Seeing that the parties agree to modify the decree to provide for Husband's payment of all uninsured extraordinary medical expenses, we order the decree be modified to so reflect.

Based on the foregoing, we order the decree be modified in the following manner:

14. After considering all the relevant factors, the Court finds the amount calculated under Form 14 is unjust and inappropriate. Husband is ordered to pay Wife as and for the support of the minor child the sum of $2,420.00 per month.

15. Husband shall provide and maintain medical and hospitalization insurance on the minor child as is available and currently maintained through his employment. Any medical expenses not covered by insurance shall be paid by Husband. The minor child's dental expenses shall also be paid by Husband.

The other provisions of the decree remain unchanged.

3. Husband's monthly gross income exceeded the $15,000.00 monthly maximum in the guidelines. The $1,420.00 figure based on the maximum income level was appropriate absent a finding such an award would be unjust or inappropriate. *Mehra v. Mehra*, 819 S.W.2d 351, 354 (Mo. banc 1991).

In his final point Husband claims the court erred in ordering him to pay combined child support and maintenance in the amount of $6,420.00 per month. The trial court ordered Husband to pay Wife $2,920.00 per month in child support and $3,500.00 per month in maintenance, for a total support order of $6,420.00 per month. Husband argues Wife's evidence showed total expenses of $6,198.00 per month, pursuant to her income and expense statement, which was $222.00 less than the court's order. In light of our modification, Husband's point is now moot. The amount of child support and maintenance, as modified above, is now less than the amount represented in Wife's statement of expenses and is supported by the record. Point denied.

## WIFE'S CROSS–APPEAL

On cross-appeal Wife claims the trial court abused its discretion in ordering the parties to pay their own attorney fees. Wife argues that because of Husband's substantial income he should be required to pay her attorney fees.

As a general rule, parties to a dissolution action are responsible for their own attorney fees. *Rich v. Rich,* 871 S.W.2d 618, 627 (Mo.App.1994). The court may, however, award attorney fees under § 452.355.1. Whether to award attorney fees is within the discretion of the trial court. *Mehra v. Mehra,* 819 S.W.2d 351, 357 (Mo. banc 1991). While it is true the trial court in making its decision must consider all relevant factors, including the parties' financial resources, the parties' financial resources are not a controlling factor in determining whether an award is warranted. *Camden v. Camden,* 844 S.W.2d 75, 78–79 (Mo.App.1992). The disparity in earnings among the parties is but one factor to be considered. It is not sufficient in itself to mandate an award of attorney fees. Husband was previously ordered to pay $3,000.00 of Wife's attorney fees and $1,000.00 in litigation expenses. Though Husband's income is certainly substantial, under the circumstances of this case we cannot say the trial court abused its discretion in refusing to award Wife her attorney fees. Point denied.

In her second point on cross-appeal, Wife contests the valuation of the Roosevelt Bank account at $5,016.00. Wife argues that valuation is improper because Husband had withdrawn approximately $22,000.00 from the account after their separation. The law is well-established that the appropriate date for valuing marital property in a dissolution proceeding is the date of trial. *Taylor v. Taylor,* 736 S.W.2d 388, 391 (Mo. banc 1987). At trial, Husband testified the Roosevelt account had an approximate balance of $5,000.00 and acknowledged the account earlier had a balance of $28,000.00. The specific value assigned the account by the court was therefore supported by the record.

Wife goes further to assert that due to Husband's dissipation of the account, the court should have ordered some method of reimbursement. When there is substantial evidence that one spouse secreted or squandered marital property, the trial court has the authority to order reimbursement. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 828 (Mo. banc 1984). The record in this case, however, is not clear that Husband necessarily secreted or squandered monies from the account during the separation period. Husband testified some of the funds were used to pay Wife's maintenance, attorney fees and possibly for a private investigator. No accounting of specific expenditures was provided. The trial court may accept Husband's testimony within the exercise of its discretion. *Wilson v. Wilson,* 822 S.W.2d 917, 923 (Mo.App.1991). Moreover, another option when there is evidence of squandering is to hold that party liable for the amount by awarding it to him. *S.L.J. v. R.J.,* 778 S.W.2d 239, 244 (Mo.App.1989). In distributing the property here, the court awarded Husband the balance of the Roosevelt account. We therefore find no error in the valuation or distribution of the property. Wife's final point is denied.

Accordingly, we affirm the judgment as modified herein.

SMITH, P.J., and GARY M. GAERTNER, J., concur.