Karen S. CALCATERRA, Respondent,

v.

David L. CALCATERRA, Appellant.

No. 70400.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 25, 1997.

J. Michael Ford, St. Louis, for appellant.

Nathan S. Cohen, Clayton, for respondent.

## OPINION

GARY M. GAERTNER, Judge.

Appellant, David L. Calcaterra ("father"), appeals the judgment of the Circuit Court of the City of St. Louis granting his motion to modify with respect to child custody and child support in part and granting respondent's, Karen S. Calcaterra ("mother"), motion to modify with respect to maintenance. We affirm in part and reverse and remand in part.

The parties married in 1988 and divorced in September, 1994. Mother was given primary physical custody of the parties' minor son, and father was ordered to pay mother $379 a month as child support. Mother was also awarded one dollar per year as modifiable maintenance.

In July, 1995, father filed a motion to modify the dissolution decree with respect to child custody and child support. Father declared substantial and continuing changes had taken place in mother's home in that mother could no longer physically care for son and that the best interests of the child required primary physical custody be transferred to father. Father's motion also requested his child support obligation be terminated effective on the date he filed his motion and asked the court to enter an order requiring mother to pay child support.[1] In September, 1995, mother filed a cross-motion to modify alleging she no longer worked due to a physical condition known as fibromyalgia and alleging she was in need of maintenance in order to meet her reasonable needs.

At the hearing, mother stipulated son's best interests would be served by transferring primary physical custody of son to father, with mother to receive reasonable visitation. Each party presented evidence. At the conclusion of the hearing, the trial court transferred custody of son to father pursuant to the parties' agreement. The court found mother was not to pay the amount allocated to her pursuant to the Form 14 guidelines,[2]

---

1. The motion noted son had been living with father since April 11, 1995.

2. Under Form 14, mother would have been required to pay $256.74 a month for the support of the child. We note at one point the court's order

refers to this amount as the amount "Husband [sic] is presumptively required to pay to Wife [sic]" but the context of the statement clearly shows this was a mere clerical error.

on the ground father was to receive $270 a month in disability benefits from social security on behalf of son, who suffered attention deficit disorder. The court further ordered father to pay mother $500 a month as modifiable maintenance. Lastly, the trial court ordered father to pay part of wife's attorney fees. Only father appeals these orders.

On review, we will affirm the decision of the trial court if it is supported by substantial evidence, is not against the weight of the evidence, it does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976); *Romkema v. Romkema*, 918 S.W.2d 294, 296 (Mo.App. E.D.1996). Father raises four issues on appeal, however, we find only one of them requires discussion. Father's second point on appeal alleges the trial court erred when it found mother need not pay father child support where father would receive monthly disability benefits on behalf of son. A review of the record reveals the evidence was insufficient to support such a finding, and therefore, this point must be reversed.

The trial court based its finding on the statement of wife's counsel that the disability funds "should be paid immediately upon a Court Order stating that [father] was the custodial parent." Father's counsel stated he "cannot say one way or the other ..." though he had some "reservations" about the arrangement. The trial court's own uncertainty about the fact is evident in the record wherein it stated "I'm going to assume [mother's counsel's assertion] to be true...." Thus, the trial court's order wherein it found mother need not pay child support because father was to receive disability benefits on behalf of son was based on speculation rather than substantial evidence. Accordingly, that part of the court's order is reversed. We further remand this issue to the trial court so that it may enter any orders it deems appropriate in light of the circumstances.

We have reviewed father's other points on appeal and find no jurisprudential purpose would be served by an extended opinion. We affirm these points pursuant to Rule 84.16(b).

Based on the foregoing, the judgment of the trial court is affirmed in part and reversed and remanded in part.

DOWD, P.J., and REINHARD, J., concur.