**Mary Elizabeth BROOKS, Respondent,**

v.

**Ernest Acton BROOKS III, Appellant.**

No. ED 74737.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 21, 1999.

David B. Lacks, Clayton, Michael A. Gross, St. Louis, for appellant.

Elliott I. Goldberger, Margo L. Green, Clayton, for respondent.

ROBERT G. DOWD, Jr., Judge.

Ernest Acton Brooks III (Husband) appeals the judgment and decree of dissolution of marriage. Husband contends the trial court erred in (1) finding that Husband earned $5,167 per month and in ordering him to pay child support in the amount of $1,790 per month based on that finding because that finding was not supported by substantial evidence and was against the weight of the evidence, and (2) ordering him to pay one-half of the children's uninsured medical and dental expenses and educational costs because such award deviated from the presumed support in the Form 14 without a finding that such amount was "unjust or inappropriate" as required by Rule 88.01. We affirm in part and reverse and remand in part.

Husband and Mary Elizabeth Brooks (Wife) were married on August 27, 1982. Three sons were born during the marriage. Husband and Wife separated on January 26, 1997. The sons were 7 years, 5 years, and 3 years old at the time of the separation. Wife filed a petition for dissolution of marriage on February 10, 1997.

In its April 28, 1998 judgment and decree of dissolution, the trial court ordered joint legal custody and awarded primary physical custody of the children to Wife. The trial court ordered Husband to make child support payments calculated by the trial court pursuant to Form 14 in the amount of $1,790 per month. Husband was also ordered to pay one-half of the children's medical and dental expenses not covered by insurance and one-half of the children's educational expenses. The trial court awarded the family residence to Wife and the Brooks Interiors property, Husband's business, to Husband. On May 13, 1998, Husband filed a motion for new trial or for an amendment of the judgment. The trial court denied that motion on July 16, 1998. Husband appeals.

In his first point, Husband argues the trial court erred in finding that Husband earned $5,167 per month, and ordering him to pay child support in the amount of $1,790 per month based upon that finding because that finding was not supported by substantial evidence and was against the weight of the evidence. We disagree.

Our standard of review in this case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We defer to the trial court's determinations of credibility, and view all evidence and any permissible inferences therefrom in the light most favorable to the trial court's decision. *Romkema v. Romkema,* 918 S.W.2d 294, 296 (Mo. App. E.D.1996); *Mehra v. Mehra,* 819

S.W.2d 351, 353 (Mo. banc 1991). We disregard all contrary evidence and inferences therefrom. *Romkema*, 918 S.W.2d at 296; *Mehra* 819 S.W.2d at 353. We will not substitute our judgment for that of the trial court absent a manifest abuse of discretion, and will not disturb an award of child support unless the evidence is palpably insufficient to support it. *Bullard v. Bullard*, 969 S.W.2d 880, 883 (Mo.App. E.D.1998).

The evidence, in the light most favorable to the trial court's decision, indicates that Husband's gross income was $5,167 per month. St. Louis University Professor James Jennings, Ph.D., (Dr. Jennings) calculated Husband's gross income to be $62,489. Dr. Jennings based his finding upon an examination of the couple's tax returns, personal statements of expenditures, and business records. Dr. Jennings testified that "using the 1996 data, the total expenditures of the parties were $69,648 for the year. Starting with that number and then backing out $6,576 as trust and rental income, that leaves ... an estimated after-tax earnings exclusive of trust and rental income of $63,072." Dr. Jennings testified he did not include alleged gifts from Husband's mother in calculating Husband's earnings because the annual gifts of $10,000 would not explain the gap between the reported income and expenses.

Relying on his 1995 tax return, Husband testified that his annual gross income from Brooks Interiors was $13,704. Dr. Jennings testified the income reported on couple's tax returns was "significantly less than the amount of income you would have to have in order to be able to have the level of expenditures that they indicate that they have." Husband contends the couple maintained their standard of living largely due to loans from his mother as well as distributions from investments. Husband testified that in the two years preceding the divorce he borrowed approximately $20,000 from his mother and these funds were deposited into the Brooks Interiors account. Husband's mother testified

she made two loans to her son: $30,000 in 1982 for a down payment on the couple's house; and $40,000 in 1987. She did not testify as to whether she gave her son any money after 1987. Dr. Jennings testified that in order to attribute the inconsistency to gifts or investment income, "[t]hey'd have to be liquidating $90,000.... Depending on tax status, they'd have to be somewhere between sixty-two and ninety thousand dollars a year of those cash flow sources every year." Viewing this evidence in the light most favorable to the trial court's decision, we hold that finding Husband's income to be $5,179 per month and ordering him to pay child support in the amount of $1,790 per month based on that finding is supported by substantial evidence and is not against the weight of the evidence. Point denied.

■ In his second point, Husband contends the trial court erred in ordering him to pay one-half of the children's medical and dental expenses not covered by insurance and one-half of the children's educational expenses in addition to the amount of presumed child support calculated pursuant to Rule 88.01 and Form 14 without finding that the presumed amount was "unjust and inappropriate." We agree.

Here, the trial court rejected each party's Form 14 and prepared its own Form 14. The trial court's Form 14 was attached to the judgment and order. The trial court calculated the correct amount of child support to be $1,790. The trial court entered a zero dollar amount under the line for extraordinary medical expenses and the line for other extraordinary expenses. In its judgment and order, the trial court ordered Father to pay $1,790 in child support. The trial court further ordered Father to pay one-half of uninsured medical and dental expenses, as well as one-half of the educational expenses of the children. The trial court did not make a written finding or a specific finding on the record that the presumed child support amount as calculated pursuant to Form 14 was unjust or inappropriate.

Rule 88.01 creates a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the proper amount to be awarded, but provides that the presumption may be rebutted if the court enters a finding that the amount calculated is "unjust or inappropriate." Rule 88.01 provides:

When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors including:

\* \* \* \* \* \*

(e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. *It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.* (Emphasis added).

Wife argues the amended Rule 88.01 applies to this situation because the case was pending when the amended rule became effective. Wife argues the amended Rule 88.01 no longer requires the mandatory finding. We disagree. The amended Rule 88.01, which became effective July 1, 1998, provides:

(a) When determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors.

(b) There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support to be awarded in any judicial or administrative proceeding. Unless a request is filed pursuant to Rule 73.01(a)(3), *a written finding or a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct.* (Emphasis added).

Aside from the rearrangement of words, we find no change in Rule 88.01 that removes the requirement of the trial court to make the mandatory finding that the presumed child support amount is unjust or inappropriate upon its deviation from that amount. We need not determine which rule applies in the present case because the result is the same under the old Rule 88.01 and the amended Rule 88.01.

In addition, Wife asserts the new Form 14 and the accompanying comments removes the requirement that the trial court make the specific finding that the presumed child support is "unjust or inappropriate" when ordering the parent obligated to pay support is also ordered to pay a percentage of unreimbursed medical or dental expenses and educational expenses. Wife cites to *Order Amending Civil Procedure Form No. 14,* 968–969 S.W.2d (Missouri Cases) XXXI (Mo.1998). The caveat under the provision entitled "Line 6d: Uninsured extraordinary medical costs" states:

A finding by the court or administrative agency that the presumed child support amount is unjust or inappropriate is not necessary where the parent obligated to pay support is also ordered to pay any percentage of the unreimbursed medical or dental expenses of the children who are the subject of the proceeding. (Emphasis in the original).

*Id.* at XLIV. The same language is used with regard to "other extraordinary child-

rearing costs" which is defined in the accompanying comments to include educational expenses for private or parochial school. *Id.* at XLV. We note the amended Form 14 and its accompanying comments were published July 9, 1998, and did not become effective until October 1, 1998, and therefore, were not available at the time of the trial court's judgment and order. We do not apply the new Form 14 here, since the judgment and order was entered on April 28, 1998, and any proceeding in which the order or judgment was entered before October 1, 1998, is excluded. *See Trausch–Azar v. Trausch,* 983 S.W.2d 199, 205 n. 3 (Mo.App. E.D.1998).

Our Supreme Court has determined to effectively comply with Rule 88.01, the trial court is required to: (1) determine and find for the record the presumed correct child support utilizing Form 14; and (2) then make findings to rebut that amount if the trial court determines the presumed correct child support is unjust or inappropriate after consideration of all the relevant factors. *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo.1997) (approving the child support calculation methodology set forth in *Woolridge v. Woolridge,* 915 S.W.2d 372 (Mo.App. W.D.1996)).

 Missouri case law has consistently held that Rule 88.01 clearly provides that a deviation from the presumptive amount requires a specific finding that upon consideration of all relevant factors, such an amount would be unjust or inappropriate. *A.J.K. by R.K. v. J.L.,* 980 S.W.2d 81, 88 (Mo.App. E.D.1998); *Short v. Short,* 947 S.W.2d 67, 69 (Mo.App. S.D. 1997). The requirement for a written or specific finding on the record that the Form 14 amount is unjust or inappropriate

is mandatory. *Wilson v. Sullivan,* 922 S.W.2d 835, 838 (Mo.App. E.D.1996). An award that differs from the presumptive amount is ineffective without the mandatory finding. *A.J.K. by R.K.,* 980 S.W.2d at 88; *Short,* 947 S.W.2d at 69; *Division of Family Services ex rel. J.L.M. by C.A.M. v. Buttram,* 924 S.W.2d 870, 871 (Mo.App. S.D.1996). We will not substitute our judgment for that of the trial court on whether the presumed child support amount was unjust or inappropriate because we are unable to discern what the trial court believed on this issue. *A.J.K. by R.K.,* 980 S.W.2d at 88; *Short,* 947 S.W.2d at 69–70. "A trial court that deviates from the presumptive amount without the mandatory findings commits error that requires reversal and remand." *A.J.K. by R.K.,* 980 S.W.2d at 88 (quoting *Short,* 947 S.W.2d at 69).[1]

 A provision calling for the payment of uninsured medical expenses constitutes an order for the payment of child support. *Adelman v. Adelman,* 878 S.W.2d 871, 873 (Mo.App. E.D.1994); *Weiss v. Weiss,* 954 S.W.2d 456, 458 (Mo. App. E.D.1997). Similarly, educational expenses can be considered in determining a child support award. *Schmidt v. Schmidt,* 949 S.W.2d 117, 120 (Mo.App. E.D.1997) (citing *Dachsteiner v. Dachsteiner,* 894 S.W.2d 248, 250 (Mo.App. E.D.1995)). In this case, Husband was ordered to make monthly child support payments calculated pursuant to Form 14. Further, the trial court ordered Husband to pay one-half of uncovered medical and dental expenses as well as one-half of educational expenses. The additional requirement that Husband pay one-half of the children's medical and dental expenses and one-half of the children's educational expenses therefore in-

---

1. Several Missouri cases have affirmed trial court awards of educational expenses in addition to the Form 14 guideline amounts where the trial court failed to find the Form 14 amounts unjust and inappropriate. *See Leahy v. Leahy,* 858 S.W.2d 221, 225 (Mo. banc 1993); *DeCapo v. DeCapo,* 915 S.W.2d 343, 346–347 (Mo.App. W.D.1996). Here, however, the trial court's bare award of the Form 14 amount plus one-half of the uninsured medical and dental expenses and one-half of the educational expenses without any finding of need cannot support the implicit finding recognized in *Leahy* and *DeCapo* that the trial court considered all relevant factors and determined the Form 14 amount was unjust and inappropriate.

creased Husband's child support obligation above the amount presumed to be correct. To effectuate such an order, the trial court was required to make a written finding or a finding on the record that the presumed child support amount is unjust or inappropriate. *Weiss*, 954 S.W.2d at 459. Here, no such finding was made.

"A trial court that deviates from the presumptive amount without the mandatory findings commits error that requires reversal and remand." *A.J.K. by R.K.*, 980 S.W.2d at 88 (quoting *Short*, 947 S.W.2d at 69). "Remand is necessary with directions to the trial court to either enter a finding the amount calculated in Form No. 14 is unjust or inappropriate, or to enter an amount of child support dictated by appropriate calculation using Form 14." *Id.*

We remand with directions to the trial court to either enter a finding that the presumed correct child support amount calculated pursuant to Form 14 is unjust or inappropriate, or to enter the amount of child support dictated by the appropriate calculations using Form 14. In all other aspects, the judgment is affirmed.

CRANE, P.J., and SULLIVAN, J., concur.