**Charles WHEELER, Respondent,**

v.

**Karen WHEELER, (n/k/a Karen Williams), Appellant,**

v.

**Carol Cash, Intervenor.**

**No. ED 80895.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 14, 2003.

---

1. All rule references are to Mo.R.Crim.P   2002, unless otherwise indicated.

Leneigha Downs, Union, for appellant.

Charles Wheeler, Union, pro se.

Terry J. Flanagan, John W. Peel, St. Louis, for intervenor.

David L. Hoven, Union, Guardian Ad Litem.

BOOKER T. SHAW, Judge.

Karen Wheeler, n/k/a Karen Williams ("Mother"), appeals from the trial court's judgment denying her motion to modify a decree of dissolution. On appeal, Mother argues the trial court erred in: (1) failing to order Charles Wheeler ("Father") to pay child support; (2) failing to make specific findings on the record that the presumed correct child support amount is unjust and inappropriate; (3) failing to award attorneys' fees; (4) interpreting and applying statutory language allowing third-party custody; and (5) finding Mother to be an unsuitable custodian.

We reverse the trial court's judgment as to Mother's second point on appeal and remand for the trial court to make specific findings pursuant to Missouri Supreme Court Rule 88.01 and consistent with this opinion. We affirm the trial court's judgment with respect to Mother's remaining points on appeal pursuant to Rule 84.16(b). The parties have been furnished with a memorandum for their information only, setting forth the reasons for affirming the remainder of the judgment.

On October 22, 1999, the trial court entered a Judgment and Decree of Dissolution of Marriage dissolving the marriage of Mother and Father. This dissolution decree awarded joint legal and physical custody of the two unemancipated minor children of the parties, K.W., born April 4, 1992, and D.W., born September 5, 1985, to Father and Mother. The trial court ordered that D.W.'s primary residence be with Mother and K.W.'s primary residence be with Father. The trial court made no award of child support to either party.

Mother filed a motion to modify the dissolution decree on January 29, 2002, seeking custody of K.W., child support for K.W. and D.W. and attorneys' fees. Mother's mother, Carol Cash ("Grandmother"), intervened in this proceeding and filed a motion to modify, seeking custody of K.W. Father did not file a Form 14, an answer or any pleading in this proceeding. Mother was the only party who submitted a Form 14 to the trial court. The trial court awarded joint legal custody of K.W. to Mother, Father and Grandmother, and awarded primary physical custody of K.W. to Grandmother, with visitation rights to Mother and Father. The trial court did not award Mother her attorneys' fees, and with respect to child support, the trial court only stated, "[n]o child support is awarded in this case, based on the credible evidence, as well as applicable law."

■ In Mother's second point on appeal, she argues the trial court erred in failing to make a written specific finding on the record that the presumed amount of child support for D.W. was unjust and inappropriate. We agree.

■ The trial court's judgment will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Brooks v. Brooks*, 21 S.W.3d 834, 835 (Mo.App. E.D. 1999). The reviewing court will not "substitute its judgment for that of the trial court on whether the presumed child support amount was unjust or inappropriate [if] we are unable to discern what the trial court believed on the issue." *Id.* at 838.

■ Missouri Supreme Court Rule 88.01 sets forth the procedures for calculating child support. In order to comply

with Rule 88.01, the trial court is required to: (1) determine the presumed correct child support amount by using Civil Procedure Form 14; and (2) make findings to rebut that amount if the trial court determines that the presumed correct child support amount is unjust and inappropriate. *Id.* (citing *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo.1997)). It is mandatory for the trial court to use a Form 14 in calculating child support in a modification proceeding to determine and find for the record the presumed correct child support amount in all cases involving the award of child support. *Woolridge v. Woolridge,* 915 S.W.2d 372, 378 (Mo.App. W.D.1996); *Mann v. Hall,* 962 S.W.2d 417, 420 (Mo.App. W.D. 1998). This is true even where the trial court's prior decree did not award child support. *See Schleisman v. Schleisman,* 989 S.W.2d 664, 672–73 (Mo.App. W.D. 1999). The determination and finding of the amount of child support can be done by either accepting the Form 14 amount calculated by one of the parties, or if the Form 14 amounts are incorrect, the court must prepare its own Form 14 calculation. *Woolridge,* 915 S.W.2d at 381–82.

▇▇ If the trial court, after determining the presumed correct child support amount pursuant to Form 14, decides to award a different amount of support, it must make "written or specific finding[s] on the record that the Form 14 amount is unjust or inappropriate." *Brooks,* 21 S.W.3d at 838. These findings are mandatory. *Id.* A child support award that is different from the presumptive child support amount is not effective without the required findings. *Id.* If a trial court's judgment deviates from the presumed amount of child support without making the required findings, the judgment must be reversed and remanded. *Id.*

▇▇ In *Schleisman,* the Court of Appeals reversed the trial court's judgment for failing to determine the presumed cor-

rect child support amount pursuant to Form 14, or accept the appellant's Form 14 and rebut it as unjust and inappropriate. *Schleisman,* 989 S.W.2d at 673. The appellant in that case filed a motion to modify child support and submitted a Form 14 to the trial court, which provided that the presumed correct child support amount was $568 per month. *Id.* The existing trial court judgment did not award child support. *Id.* The respondent did not submit a Form 14 to the trial court. *Id.* The trial court, without calculating the presumed correct child support amount pursuant to Form 14, held that no substantial and continuing change of circumstances existed and denied the appellant's motion to modify child support. *Id.* However, if a party demonstrates that a twenty percent or more change in the amount of child support from the prior child support order exists, then that party has made a prima facie showing of a change of circumstances so substantial and continuing to support a modification in the child support award. *Id.* at 672; Section 452.370.1, RSMo 2000.

The Court of Appeals reversed and remanded the trial court's judgment, reasoning:

> Given the fact that the appellant's Form 14, on its face, demonstrated a twenty percent change in the existing child support amount, in order to deny her motion on the merits for failing to show a substantial and continuing change of circumstances, the trial court either had to have rejected her Form 14 [presumed correct child support amount] or accepted it, but then rebutted it as being unjust and inappropriate. Because the trial court failed to make the Form 14 findings ..., we are unable to discern from the record what occurred.

*Id.*

Here, similarly, the only Form 14 before the trial court was submitted by Mother,

which demonstrated on its face at least a twenty percent change in the existing child support amount. Father did not submit a Form 14 and the trial court did not prepare its own Form 14 for the record. In its judgment, the trial court failed to determine the presumed correct child support amount utilizing a Form 14 and make findings for the record that this amount was unjust and inappropriate under Rule 88.01. Because the trial court did not make the required findings, we are unable to meaningfully review the trial court's decision. Therefore, the trial court's judgment is reversed and remanded with directions to make the required findings pursuant to Rule 88.01 and in a manner consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.